GEIGER, Plaintiff, v. CALUMET COUNTY, Defendant and Respondent: BROWN COUNTY, Impleaded Defendant and Appellant.

*October 30—November 27, 1962.*

For the appellant there was a brief by *Lontkowski & Lontkowski* of Green Bay, and oral argument by *Edward C. Lontkowski.*

For the respondent there was a brief by *Bonk, Lutz & Hertel* of Chilton, and oral argument by *Robert Lutz.*

CURRIE, J.   The sole question on this appeal is whether the failure to serve notice upon Brown county within thirty

days as prescribed by sec. 81.15, Stats. 1959,[1] prevents a finding of common liability between Calumet and Brown counties which will support contribution.

We start with the premise that common liability is an essential prerequisite to any right of contribution between tort-feasors. *Wait v. Pierce* (1926), 191 Wis. 202, 226, 209 N. W. 475, 210 N. W. 822, 48 A. L. R. 276; *Bauman v. Gilbertson* (1959), 7 Wis. (2d) 467, 470, 96 N. W. (2d) 854; and *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. (2d) 512, 519, 99 N. W. (2d) 746. Brown county contends that the thirty-day notice requirement is a condition precedent to the existence of liability on its part for any injuries received by plaintiff. In support of this contention it cites: *Dorsey v. Racine* (1884), 60 Wis. 292, 18 N. W. 928; *Hogan v. Beloit* (1921), 175 Wis. 199, 184 N. W. 687. Therefore, Brown county concludes that the failure to serve the thirty-day notice upon it is a failure of a condition precedent to the existence of common liability between the two counties in this case.

This court has also held the two-year notice of injury required by sec. 330.19 (5), Stats. 1955,[2] and predecessor

---

[1] Sec. 81.15, Stats. 1959, makes counties liable for damages caused by "insufficiency or want of repairs" of a highway which the county "by law or by agreement with any town, city or village is bound to keep in repair, or which occupies any land owned and controlled by the county" subject to a maximum limitation of $10,000. This statute further provides, "No such action shall be maintained unless within thirty days after the happening of the event causing such damages, notice in writing signed by the party, his agent, or attorney shall be given to the county clerk of the county, . . . against which damages are claimed, stating the place where such damages occurred, and describing generally the insufficiency or want of repair which occasioned it and that satisfaction therefor is claimed of such county, town, city, or village."

[2] This requirement of sec. 330.19 (5), Stats. 1955, read: "No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the

statutes, to be a condition precedent to maintenance of a cause of action for personal injuries, when the complaint was not served within two years following the accident. *Siebert v. Jacob Dudenhoefer Co.* (1922), 178 Wis. 191, 188 N. W. 610, and *Nelson v. American Employers' Ins. Co.* (1952), 262 Wis. 271, 55 N. W. (2d) 13. Nevertheless in *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, the court held that contribution would lie in favor of one driver and his insurer against the other driver and his insurer in a personal-injury action arising out of a collision of two automobiles, even though there had been no notice of injury served upon the latter driver within two years of the accident. The learned trial court, in its memorandum decision, relied upon the *Ainsworth Case* in denying the motion for summary judgment.

A significant facet of the *Ainsworth Case* is that it overruled *Palmer v. Autoist Mut. Ins. Co.* (1940), 234 Wis. 287, 291 N. W. 364, which had adopted the argument here advanced by Brown county, viz.: The giving of the notice of injury was a condition precedent to liability, and, without the notice having been given, there could be no common liability. In answer to this argument, the court stated in *Ainsworth, supra,* at pages 445, 445a:

"With respect to the equitable right to contribution arising in automobile cases, it clearly has its origin in the joint

event causing such damages, notice in writing, signed by the party damaged, his agent, or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused, stating the time and place where such damage occurred, a brief description of the injuries, the manner in which they were received and the grounds upon which claim is made and that satisfaction thereof is claimed of such person or corporation. Such notice shall be given in the manner required for the service of summons in courts of record."

misconduct of the negligent parties at the time of the accident. It remains an inchoate right until such time as one of the joint tort-feasors pays more than his fair share of the total damages resulting from such joint negligence, at which time it ripens into a right to legal action to recover therefor. . . .

"As was said by the court in the *Palmer Case, supra,* there is no provision in the statute requiring one joint tort-feasor to serve notice upon the other. Until suit is brought by the injured person there is no opportunity."

Brown county attempts to distinguish the instant case from the *Ainsworth Case,* on the ground that here we are dealing with a quasi-municipal corporation upon which the legislature alone can impose liability. This argument is not persuasive for two reasons. First, the above-cited language from the *Ainsworth Case* shows that the equitable right to contribution is independent of the underlying cause of action which results in a judgment requiring one tort-feasor to pay more than his proportionate share. This independent existence makes consideration of the basis of such underlying cause of action irrelevant whether it be common law or statute. Thus Brown county's argument that the *Ainsworth Case* applies only where common-law negligence is involved is erroneous. Second, even if at the time it was decided the *Ainsworth Case* could not have applied to a situation involving governmental immunity from tort liability, such limitation was ended by our holding in *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618, wherein we abolished such immunity. The fact that a tort-feasor happens to be a county is insufficient reason for according it preferential treatment in applying the equitable principle of contribution.

However, the question does arise whether the fact that the rule of the *Holytz Case* was made prospective so as to

become effective July 15, 1962, affects the instant case. We think not. The reason advanced in *Holytz,* for making the rule prospective, was to give municipalities time to make financial arrangements, such as taking out insurance, to protect themselves against risks of liability with respect to which there had been prior immunity. In the instant case, governmental immunity from tort liability for highway defects had already been removed by the legislature when it enacted sec. 81.15, Stats., prior to the *Holytz Case.* Thus Brown county had ample time before the instant accident to protect itself by insurance if it deemed such protection advisable.

The United States court of appeals for the Seventh circuit, without benefit of our decision in *Holytz,* concluded that there could be contribution against a municipality although no claim for damages had ever been filed against such municipality as required by sec. 62.25 (1) (a), Stats. 1955.[3] *Minneapolis, St. P. & S. S. M. R. Co. v. Fond du Lac* (7th Cir. 1961), 297 Fed. (2d) 583. The federal court interpreted sec. 62.25 (1) (a), Stats. 1955, to require filing of such claims as a condition precedent to maintaining a direct action upon such claim but not as a condition precedent to seeking relief by way of contribution. The court held that *Ainsworth v. Berg, supra,* was controlling on the issue of contribution. The city of Fond du Lac was allegedly negligent in failing to trim the branches of a large tree which stood within a street right-of-way. These branches obscured plaintiffs' view of a railroad crossing at the time the accident occurred. In the instant case, the claimed negligence of Brown county was its failure to fix the dangerous

---

[3] Sec. 62.25 (1) (a), Stats. 1955, provided in part: "No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part."

condition in the highway which allegedly caused plaintiff to lose control of his car.

In light of the foregoing authorities and discussion, we conclude, on the basis of the allegations of the complaint and cross complaint, that common liability arose on the part of both counties at the time the accident occurred. Therefore, the trial court properly denied Brown county's motion for summary judgment.

*By the Court.*—Order affirmed.