STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v. SCHARA, Appellant.

*No. 128. Argued October 2, 1972.—Decided November 9, 1972.*
(Also reported in 201 N. W. 2d 758.)

[25] *Id.*

For the appellant there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief by *Kivett & Kasdorf*, attorneys, and *Robert L. Swanson* of counsel, all of Milwaukee, and oral argument by *Mr. Swanson*.

HEFFERNAN, J. This appeal poses a basic question that, surprisingly, has not heretofore been adjudicated in this court: Within what time limit must a tortfeasor who has settled with an injured person commence an action for contribution against a joint tortfeasor? The answer to the question is dependent upon when the cause of action accrues and what limitation statute, if any, applies subsequent to the date of the accrual.

Wisconsin cases lead to the conclusion that a cause of action for contribution is separate and distinct from the underlying cause of action whether that underlying cause sounds in contract or in tort. Accordingly, the period within which an injured party must commence his action (three years under sec. 893.205, Stats.) is irrelevant when

a joint tortfeasor who has paid more than his share seeks contribution from another with whom he shares joint liability. The concern is with a separate cause of action.

*Geiger v. Calumet County* (1962), 18 Wis. 2d 151, 155, 118 N. W. 2d 197, citing *Ainsworth v. Berg* (1948), 253 Wis. 438, 445, 34 N. W. 2d 790, points out that:

". . . the equitable right to contribution is independent of the underlying cause of action which results in a judgment requiring one tort-feasor to pay more than his proportionate share. This independent existence makes consideration of the basis of such underlying cause of action irrelevant . . . ."

Both *Geiger, supra,* and *Ainsworth* held that, where the question involved the claim of one tortfeasor against another, the notice of injury statutes relevant to the underlying action were immaterial and foreign to a cause of action asserted for contribution.

The cause of action for contribution, nevertheless, has its roots in the underlying incident that gave rise to personal injury. We said in *Ainsworth, supra,* page 445:

"With respect to the equitable right to contribution arising in automobile cases, it clearly has its origin in the joint misconduct of the negligent parties at the time of the accident. It remains an inchoate right until such time as one of the joint tort-feasors pays more than his fair share of the total damages resulting from such joint negligence, at which time it ripens into a right to legal action to recover therefor."

The required concurring conditions in a tort case were enumerated in *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. 2d 512, 515, 99 N. W. 2d 746:

"1. Both parties must be joint negligent wrongdoers; 2. they must have common liability because of such negligence to the same person; 3. one such party must have borne an unequal proportion of the common burden."

Thus, the cause of action accrues—becomes a right enforceable in a court action—when one of the joint tortfeasors pays more than his proportionate share of the damages.

In this case the cause of action accrued on June 30, 1966, the date on which the insurance company paid the claims of the passengers and discharged, it is alleged, more than its proportionate share of the common liability. The inchoate claim ripened into maturity, and whatever the applicable period of limitations, the time then started running.

The nature of the newly accrued cause of action is not dependent on whether the obligation discharged resulted from contract or tort. The cause of action that accrues depends not one whit upon the nature of the origin of liability. It is enough that joint liability from whatever source exist. We said in *Wait v. Pierce* (1926), 191 Wis. 202, 226, 209 N. W. 475, 210 N. W. 822:

"Whether the common obligation be imposed by contract or grows out of a tort, the thing that gives rise to the right of contribution is that one of the common obligors has discharged more than his fair equitable share of the common liability."

All contribution claims have in common the characteristic that the party having a right against another also liable has discharged more than his share of the liability. It is the bearing of a greater share of a common liability than is justified, and not the source of the underlying liability, that characterizes a cause of action for contribution.

Accordingly, the right of contribution is the same irrespective of its origins. *Brown v. Haertel* (1933), 210 Wis. 354, 358, 244 N. W. 633, 246 N. W. 691.

The nature of this right was discussed in *Bushnell v. Bushnell* (1890), 77 Wis. 435, 46 N. W. 442, where the cause of action for contribution arose out of a contract

of surety. The court held that a cause of action for contribution accrued at the time one of the sureties discharged a common liability by making a payment.

As in the instant case, the court was asked to determine the time within which the person paying more than his share of the liability must commence his action. To make this determination, the court looked not to the nature of the underlying surety agreement, but to the nature of the transaction that occurred when one person jointly liable paid more than his share. The overpayment of a common liability gave rise to an equitable right enforceable in an action of law. The court said at page 438:

"It is a legal action to recover money paid to the use of the defendant, and stands upon the same footing as any other action founded upon an implied contract."

That case held, at page 438, that the recovery for contribution is based "upon an implied contract for money paid to the defendants' use." The court then applied sec. 4222, sub. 3, of the existing statutes, which provided that a cause of action on an implied contract must be brought within six years.

*Bushnell* stands for the proposition that the payment of more than a fair share gives rise to an implied contract enforceable against others liable for the excess paid. Since the implied contract arose independently of the underlying transaction and without any agreement between the parties, it is apparent the contract is one arising by operation of law to rectify an inequity.

In view of our consistent position that a cause of action for contribution is unaffected by the underlying transaction, we hold that the cause of action for contribution between joint tortfeasors is similarly based on a contract implied at law to rectify the inequity resulting when one tortfeasor pays more than his share of a common liability. The statute of limitations relating to implied con-

tracts is, therefore, applicable to an action for contribution between joint tortfeasors.

That statute of limitations (sec. 893.19 (3), Stats.) provides that an action must be commenced within six years after the cause of action has accrued where the ". . . action [is] upon any other contract, obligation or liability, express or implied."

Accordingly, an action brought within six years of the insurance company's payment was timely. The trial judge properly overruled defendant's demurrer to the action commenced on August 25, 1969.

While we find precedent for holding that an action for contribution is in the nature of one of contract implied in law and is subject to the period of limitations appropriate to that type of action, we are not satisfied that such a lengthy period within which to bring suit best serves the public interest.

Defendant correctly points out that, where the right of contribution arises not out of a prior judgment allocating the comparative negligence but stems from a compromise settlement, an inordinate period of time may well elapse before the proportional responsibility of the negligent tortfeasors is determined. Under the facts of this case, the action for contribution could be commenced almost nine years after the date of the accident.

The legislature may well find that the public interest in avoiding stale claims and in protecting parties from suits brought too late to effectively investigate the facts may dictate a shorter period for the commencement of a contribution suit when the underlying cause of action sounds in tort. We invite the legislature's attention to the proposed "Uniform Contribution Among Tortfeasors Act," 9 Uniform Laws Annot. (1967 Supplement), page 130, which suggests in general that actions for contribution based on tort be brought within one year of the accrual of the cause of action.

*By the Court.*—Order affirmed.