COULSON, and another, Plaintiffs, v. LARSEN, and others, Defendants: PANTEL, and others, Defendants and Third-Party Plaintiffs-Respondents: SHEETS, and another, Third-Party Defendants-Appellants.

Supreme Court

*No. 77–352. Submitted on briefs January 9, 1980.—
Decided February 7, 1980.*
(Also reported in 287 N.W.2d 754.)

For the appellants the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Charles R. Larsen,* assistant attorney general.

For the respondents the cause was submitted on the brief of *James P. Reardon, Michael J. Cieslewicz* and *Kasdorf, Dall, Lewis & Swietlik* of Milwaukee.

SHIRLEY S. ABRAHAMSON, J. The sole issue presented in this appeal is whether a third-party claim against state employees for contribution as joint tortfeasors should be dismissed because no notice was served on the Attorney General pursuant to sec. 895.45, Stats. The circuit court's order denied the motion to dismiss the third party complaint, and we affirm the order.

The Coulsons (plaintiffs) commenced an action on February 25, 1976, alleging personal injury caused in a collision of several vehicles on September 22, 1975 on Highway I–94 in Jefferson county. On August 1, 1977, the defendants in the action (third-party plaintiffs) served a third party summons and complaint on state employees (third-party defendants)[1] for contribution

---

[1] The circuit court granted the defendants' motion to implead pursuant to sec. 803.05, Stats., which provides:

"803.05 Third-party practice. (1) At any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party, or who is a necessary party under s. 803.03. The third-party plaintiff need not obtain leave to implead if he or she serves the third-party summons and third-party complaint not later than 6 months after the summons and complaint are filed or the time set in a scheduling order under s. 802.10; thereafter, the third-party plaintiff must obtain leave on motion upon notice to all parties to the action. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make defenses to the third-party plaintiff's claim as provided in s. 802.06 and counterclaims against the

as joint tortfeasors. The state employees moved to dismiss the third-party summons and complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

The state employees' motion to dismiss is based on the failure of the third party plaintiffs to serve notice on the Attorney General pursuant to sec. 895.45, Stats., which reads as follows:

"**895.45 Timeliness, definition of claimant, notice and limited liability.** (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of such officer's, employe's or agent's duties, unless within 90 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

"(2) In this section, 'claimant' means the person or entity sustaining the damage or injury or his agent, attorney or personal representative.

"(3) The notice under sub. (1) shall be sworn to by the claimant and shall be served upon the attorney general at his office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

---

third-party plaintiff and cross-claims against any other defendant as provided in s. 802.07. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff if the claim is based upon the same transaction, occurrence or series of transactions or occurrences as is the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant if the claim is based upon the same transaction, occurrence or series of transactions or occurrences as is the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert defenses as provided in s. 802.06 and counterclaims and cross-claims as provided in s. 802.07."

"(4) The amount recoverable by any person or entity for any damages, injuries or death in any civil action or civil proceeding against a state officer, employe or agent shall not exceed $100,000. No punitive damages may be allowed or recoverable in any such action."

An examination of sec. 895.45 demonstrates that the legislature intended that the required notice be given by the person who was injured and not by a tortfeasor claiming contribution against state employees as joint tortfeasors. Sec. 895.45(1) provides that the "claimant" shall serve upon the Attorney General written notice of a claim "within 90 days of the event causing the injury, damage or death" in order for a civil action to be brought against a "state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of such [person's] duties." Sec. 895.45(2) defines "claimant" as the person "sustaining the damage or injury." The reasonable construction of the word claimant in this fact situation is that it applies to the plaintiffs who were injured in the collision, not a tortfeasor. Even if "claimant" could be interpreted to include a tortfeasor, the statute provides that notice must be served within 90 days of the "event causing injury." The reasonable construction to be given to the phrase "event causing injury" in this fact situation is that it refers to the collision which caused plaintiffs' damage.

Even if we were not to construe the words "claimant" and "event" as we have, we would conclude, as did the circuit court, that sec. 895.45, Stats., does not contemplate claims for contribution and that the time limitation which the section imposes is inappropriate for contribution claims. Although the cause of action for contribution has its roots in the underlying incident which

gives rise to the personal injury, this court has said that a cause of action for contribution is separate and distinct from the underlying cause of action. The cause of action for contribution accrues—becomes a right enforceable in a court action—when one of the joint tortfeasors pays more than his proportionate share of the damages. *State Farm Mut. Automobile Ins. Co. v. Schara,* 56 Wis.2d 262, 264–266, 201 N.W.2d 758 (1972).[2]

We have in prior cases concluded that limitation statutes and notice statutes relevant to the underlying cause of action are not material to a cause of action by one tortfeasor against another for contribution. *Ainsworth v. Berg,* 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911 (1948); *Geiger v. Calumet County,* 18 Wis.2d 151, 118 N.W.2d 197 (1962); *State Farm Mut. Automobile Ins. Co. v. Schara,* 56 Wis.2d 262, 201 N.W.2d 758 (1972). The circuit court reviewed our prior cases and concluded that no notice is required in the case at bar. We quote from the circuit court's memorandum decision:

"In *Ainsworth v. Berg,* 253 Wis. 438 (1948), the court dealt with the notice requirements of Section 330.19(5). "That statute provided:

" 'No action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event causing such damages, notice in writing, . . . , shall be served upon the person or corporation by whom it is claimed such damage was caused. . . .'

"In that case the defendants applied for an order to show cause why certain third-parties could not be im-

---

[2] Sec. 802.07(6), Stats., provides that contribution can be sought in a third-party complaint.

"**802.07 Counterclaim and cross-claim.**

"(6) CONTRIBUTION. Any party who seeks contribution shall pray for contribution in his complaint, answer or reply, or in a counterclaim, cross-claim, or third-party complaint; the party from whom contribution is sought shall file and serve an appropriate responsive pleading."

pleaded for purposes of contribution although two years had passed without any notice being given. The trial court ordered the impleader of the third-parties but on motions after verdict dismissed the defendant's complaint for contribution from these third-parties. The Supreme Court reversed the trial court and in doing so also overturned *Palmer v. Autoist Mut. Ins. Co.*, 234 Wis. 287 (1940) on which the trial court had relied. The court pointed out that a joint tort-feasor's right to contribution from another joint tort-feasor remains inchoate 'until such time as one of the joint tort-feasors pays more than his fair share of the total damages resulting from such joint negligence, at which time it ripens into a right to legal action to recover therefor.' 253 Wis. at 445. The statute involved did not require joint tort-feasors to notify each other and it was obvious that they would not even have the opportunity to do so until suit was brought. Furthermore, the purpose of the statute was to prevent delay in the inception of law suits by the plaintiff, not to affect the right of joint tort-feasors to contribution. Therefore, it was held that the failure to give notice required by the statute would not bar the action for contribution.

"This rule was applied in the Federal courts in *Minneapolis, St. Paul and Sault Ste. Marie v. Fond du Lac*, 297 F.2d 583 (7th Cir. 1961). The statute involved in that case was Section 62.25 (1) (a), Wis. Stats. (1955) which provides:

" 'No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. . . .'

"In that case, the defendant filed a third-party complaint for contribution from the city without complying with the statute. The trial court ruled that compliance with the statute was not necessary as to any claim for contribution and this decision was upheld by the court of appeals. The appeals court cited *Ainsworth* for the controlling proposition that this claim for contribution had yet to ripen into a cause of action. The court reasoned by analogy that since the failure to comply with the statute in *Ainsworth* did not preclude a claim for contribution, the failure to comply with Section 62.25 (1) (a) also did not preclude a claim for contribution. The filing

of a contingent claim was not a condition precedent to the maintenance of a third-party suit for contribution.

"In *Geiger v. Calumet County,* 18 Wis.2d 151 (1962) the court used both *Ainsworth* and *Fond du Lac* in its decision. The statute there involved was Section 81.15, Wis. Stats. (1959) which provides:

" 'No such action shall be maintained unless within thirty days after the happening of the event causing such damages, notice in writing, . . . . shall be given to the county clerk of the county, . . . . against which damages are claimed . . . .'

"In that action, the plaintiff was involved in an accident on a highway that formed part of the boundary between Brown and Calumet Counties. The counties shared responsibility for its maintenance. The injured party sued Calumet County and Calumet County then impleaded Brown County for purposes of contribution. Brown County moved for summary judgment, alleging that it had not received the thirty days notice required by the statute. This motion was denied by the trial court and this decision was affirmed by the Supreme Court primarily on the basis of the decision in *Ainsworth.*

"In the light of these cases, the motion to dismiss must be denied. The claim in this case, like the claims in the cases discussed above, is contingent, no cause of action having yet accrued. The statute does not require notice in such cases of contribution even though this statute was enacted after the Supreme Court established this rule. Obviously, the legislature, in its wisdom, did not wish to require notice by parties like the defendants in this case or it would have expressly addressed such matter of notice in the statute. Instead, the legislature used language similar to the language used in the statutes involved in *Ainsworth, Fond du Lac* and *Geiger.* It is therefore determined that no notice is required. The motions to dismiss are to be denied."

For the reasons set forth we conclude that the notice provisions of sec. 895.45, Stats., do not apply to third-party complaints for contribution, and we affirm the order of the circuit court.

*By the Court.*—Order affirmed.