Veda PROTIC, Plaintiff-Co-Appellant,

v.

CASTLE COMPANY, division of Sybron
Corporation, a foreign corporation, and Hartford
Accident and Indemnity Company, a foreign
insurance corporation, Defendant and Third-
Party Plaintiffs-Appellants,

Gordon M. DERZON, Folkert O. Belzer, M.D.,
Venkat K. Rao, M.D., Lynn Martin, M.D., Marie
J. Zimmer, R.N., Dottie Ivers, R.N. and Lew
Cole, Third-Party Defendants-Respondents.

Court of Appeals

*No. 85–0391. Submitted on briefs May 7, 1986.—Decided
June 25, 1986.*
(Also reported in 392 N.W.2d 119.)

For the plaintiffs-appellants the cause was submitted on the briefs of *John M. Moore* and *Jan A. Smokowicz,* and *Bell, Metzner & Gierhart, S.C.,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Charles R. Larsen,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Veda Protic, Castle Company and Hartford Accident and Indemnity Corporation appeal from an order dismissing their complaints against several physicians, nurses and administrators employed by the University of Wisconsin Hospitals.

The dispositive issue in Protic's appeal is whether she filed a notice of her claim with the attorney general within the time prescribed by sec. 893.82, Stats. We conclude that the notice was timely but only as to injuries she suffered on and after September 8, 1982. And, since Protic named only Dr. V. Rao in her notice, she may maintain her action only against him.

The issues in the Castle/Hartford appeal are: (1) whether a 1983 amendment to sec. 893.82, Stats., applies to their claim against Rao and the other employees; and (2) if so, whether the notice filed by Protic fulfilled Castle's and Hartford's obligations under the statute. Because application of the amended statute depends upon facts which must be determined by the trial court, we remand on that issue. On the second issue, we conclude that if the amendment is found to apply to the Castle/Hartford claim, they could not rely on Protic's notice but were required to serve and file their own.

Protic filed a notice of claim with the attorney general on January 6, 1983, alleging that she suffered burns and other injuries while being treated at University Hospitals between August 30 and October 14, 1982. She claimed that the injuries occurred in a "continuous course of treatment" between those dates and that they were caused by the "continuing negligence" of Dr. Rao and the nurses and other hospital personnel who attended her during that time. The notice named only Rao, but it incorporated various hospital records which, Protic asserted, contained the names of all persons who attended and treated her during her hospital stay.

A year later, Protic filed a lawsuit against Castle. She alleged that Castle, a manufacturer of surgical lighting, was negligent in manufacturing and installing the lamps used in the hospital's operating room and that she suffered burns, scarring and other injuries as a result of her exposure to the lamps while undergoing surgery on August 30, 1982.

Castle and its insurer, Hartford, filed a third-party complaint against Dr. Rao and several other hospital employees who, it is alleged, either removed safety shields from the lights or performed surgery when they knew or should have known that the shields had been removed. Protic then filed an amended complaint adding Rao and the other named employees as defendants, alleging that all were negligent in administering a "continuous course of treatment" to her between August 30 and October 14, 1982.

Rao and the other hospital employees, all "state employees" within the meaning of sec. 893.82(3), Stats., moved to dismiss both complaints on grounds that neither Protic nor Castle served a timely notice of claim

on the attorney general as required by the statute. The trial court agreed and granted the motion.

Section 893.82(3), Stats., provides:

> No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employe's or agent's duties, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved. . . .

A notice of claim served on January 6, 1983, would thus be timely if the "event causing the injury" occurred within the preceding 120 days—on or after September 8, 1982. It appears from Protic's notice of claim and her amended complaint that the burns—the primary injury of which she complains—were incurred during her exposure to the surgical lamps on August 30, 1982. Because that "event" occurred beyond the 120-day cutoff period, the resulting claim was never timely noticed to the attorney general. Protic alleges in both documents, however, that she suffered injuries as a result of treatment by Rao and the other hospital employees which continued after September 8, 1982, and her notice was timely as to any such injuries she may be able to prove at trial.

368

The hospital employees contend that the notice of claim was insufficient to allow an action against any of them except Dr. Rao, as he was the only person named in the notice. We agree. Section 893.82(3), Stats., requires that the notice include the name of any person or persons involved in causing the injury, and we have held that substantial compliance with the statute is insufficient. *Yotvat v. Roth,* 95 Wis. 2d 357, 361, 290 N.W.2d 524, 527 (Ct. App. 1980). One of the stated purposes of the notice requirement is to provide the attorney general with adequate time to investigate claims, sec. 893.82(1)(a)1, and the statute is to be liberally construed to effectuate its purposes. Section 893.82(1)(b). The attorney general's efforts to investigate would be hindered if it were necessary to sift through medical records to determine who attended Protic and then speculate as to which employees were potential defendants. The notice was sufficient only as to Dr. Rao.

Rao argues, however, that Protic's amended complaint should have been dismissed because it fails to allege that he breached a ministerial duty. Generally, public employees are liable only for the negligent performance of duties that are purely ministerial, or for willful or malicious conduct. *Ibrahim v. Samore,* 118 Wis. 2d 720, 728, 348 N.W.2d 554, 558 (1984). They are immune from liability for damages resulting from negligent acts undertaken in the performance of discretionary functions. *Id.* at 727, 348 N.W.2d at 558.

However, in *Gordon v. Milwaukee County,* 125 Wis. 2d 62, 67, 370 N.W.2d 803, 806 (Ct. App. 1985), we held that a public employee is not immune from liabil-

ity for damages resulting from the exercise of medical discretion. We said that "governmental" immunity only applies to decisions involving governmental policy and that, because psychiatric examination and diagnosis does not involve governmental discretion, an employee performing those tasks may be held responsible for any attendant negligence. *Id.* at 67–68, 370 N.W.2d at 806. Postsurgical medical care, like psychiatric care, does not involve the sort of governmental decisionmaking which is entitled to immunity. Protic's amended complaint may be read to allege that Rao was negligent in performing acts which are not shielded by governmental immunity.

We turn to the third-party complaint filed by Castle and Hartford. Neither served a notice of claim on the attorney general. They argue, however, that: (1) they were not required to do so under sec. 893.82, Stats. (1981), the statute in effect when the injury occurred; and (2) even if they were, Protic's notice satisfied their obligation.

Prior to July 2, 1983, sec. 893.82, Stats., did not require claimants such as Castle and Hartford, whose claims are based on contribution or indemnification, to file a notice of claim. *Coulson v. Larsen,* 94 Wis. 2d 56, 62, 287 N.W.2d 754, 758 (1980). On that date, the statute was amended to require notice by such claimants. Statutory amendments take effect when enacted. They may not be applied retroactively unless such an intent is expressly stated or necessarily implied in the amendatory language. *State ex rel. Briggs & Stratton v. Noll,* 100 Wis. 2d 650, 655, 302 N.W.2d 487, 490 (1981). No such intent is stated or implied in the amendments to sec. 893.82.

Under the statute as amended, the running of the 120-day time limit for claimants whose claims are based on contribution or indemnification is triggered by the event causing injury, unless the claimant can establish that he or she had no actual knowledge of the cause of action at that time. Section 893.82(4)(b)1, Stats. In the latter case, the time limit begins to run on the earlier of: (1) the date the claimant acquired actual or constructive notice of the underlying cause of action; or (2) the date the cause of action for contribution accrued. Section 893.82(4)(b)1a and b.

■

The parties disagree as to when the time limit began to run in this case. We cannot resolve this factual dispute. We therefore reverse the judgment as to Castle and Hartford and remand to the trial court for the purpose of resolving the factual issues. If the event triggering the commencement of the time limit preceded July 2, 1983, no notice of claim was required. If it occurred after that date, a notice was necessary.

■

Castle and Hartford argue that even if sec. 893.82, Stats., as amended, applies to them, the notice filed by Protic covers their claims as well, and no separate notice was required. They point to the definition of "claimant" as one sustaining "damage or injury" and to the definition of the latter phrase as including not only any damage resulting from the event causing the injury, but also "financial damage or injury resulting from claims for contribution or indemnification." Section 893.82(2)(b) and (c). They are exempt from filing, they claim, because their "injury" resulted from Protic's lawsuit against them, not from the event itself or from any claim for contribution or indemnification. As

a result, they argue, theirs is not an "injury" expressly recognized in the definition, and the statute does not apply to them.

We are not persuaded. While "damage" and "injury" are defined as Castle and Hartford assert, the definition is not all-inclusive. Section 893.82(2)(c), Stats., provides that the phrase "includes, but is not limited to" the two enumerated examples. We note, too, that sec. 893.82(3) states that "[n]o civil action or civil proceeding" may be brought against any state officer or employee without first giving the required notice and that "civil action or proceeding" is defined by sec. 893.82(2)(a) to include a third-party complaint. And, sec. 893.82(4)(a) acknowledges that the "civil action or proceeding" may be one based on contribution or indemnification.

That the attorney general received notice of Protic's claim is immaterial. If the amended statute applies to Castle and Hartford, they had an independent obligation under the statute to give the required notice.

*By the Court.*—Order reversed insofar as it dismissed Protic's complaint against Dr. V. Rao for injuries received on or after September 8, 1982, and insofar as it dismissed Hartford's and Castle's complaint. Order affirmed in all other respects, and cause remanded for further proceedings consistent with this opinion.