Paul McGEE and Barbara McGee, Plaintiffs,

CINCINNATI INSURANCE COMPANY,
Intervening Plaintiff,

v.

Carlos R. BATES, Defendant,

RELIANCE IN LIQUIDATION and Wisconsin Insurance
Security Fund, Subrogated Parties.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,
Plaintiff-Appellant,

v.

CINCINNATI INSURANCE COMPANY,
Defendant-Respondent.†

Court of Appeals

*No. 04–0824. Submitted on briefs December 7, 2004.—Decided
December 28, 2004.*

2005 WI App 19

(Also reported in 691 N.W.2d 920.)

† Petition to review granted 3-8-2005.

On behalf of the plaintiff-appellant Philadelphia Indemnity Insurance Company, the cause was submitted on the briefs of *Todd A. Becker* and *David P. Renovitch* of *Coyne, Niess, Schultz, Becker & Bauer, S.C.*, of Madison.

On behalf of the defendant-respondent Cincinnati Insurance Company, the cause was submitted on the

brief of *Michael S. Murray* of *Kasdorf, Lewis & Swietlik, S.C.*, of Milwaukee.

Before Fine, Curley and Kessler, JJ.

¶ 1. FINE, J.  Philadelphia Indemnity Insurance Company appeals from a summary judgment dismissing its complaint against Cincinnati Insurance Company. Philadelphia Indemnity sought reimbursement of all or some of what it paid to settle claims of passengers injured when the driver of a van leased by Philadelphia Indemnity's insured, SIVA Truck Leasing, Inc., to the driver's employer ran the van into a barrier on an interstate highway. Cincinnati Insurance insured the driver's employer, Milwaukee Careers Cooperative. The trial court held that Philadelphia Indemnity could not recover under any of Philadelphia Indemnity's subrogation/contribution theories because Philadelphia Indemnity and SIVA had defaulted in an action brought against them by the injured passengers. We reverse.

## I.

¶ 2.  SIVA Truck Leasing leased a multi-passenger van to Milwaukee Careers Cooperative for the latter's use in its business of taking people to their jobs. This appeal concerns the action filed by four of the injured passengers. Their lawsuit originally named Milwaukee Careers Cooperative, its insurer Cincinnati Insurance, the van's driver, Carlos Bates, and another Milwaukee Careers Cooperative insurance carrier that is not a party to this appeal. Some four months later, the passengers added SIVA Truck Leasing and Philadelphia Indemnity as defendants, alleging that by insuring SIVA Truck Leasing, Philadelphia Indemnity undertook to pay damages that might have been caused by

591

the negligence of anyone who drove SIVA's van with SIVA's consent, and that this included Bates. Neither SIVA Truck Leasing nor Philadelphia Indemnity answered this complaint timely, and default judgment was entered against them. The validity of this default judgment is not an issue on this appeal. The plaintiffs dismissed with prejudice and by stipulation the defendants Cincinnati Insurance, Milwaukee Careers Cooperative, and Bates.

¶ 3. After default judgment was entered against them, SIVA Truck Leasing and Philadelphia Indemnity settled with the passenger/plaintiffs for more than $500,000, and then, as noted, Philadelphia Indemnity brought this action seeking reimbursement from Cincinnati Insurance, whose insurance policy covered Bates, the Milwaukee Careers Cooperative van driver. Philadelphia Indemnity's complaint against Cincinnati Insurance set out a map for relief with many roads: WIS. STAT. ch. 113, the Uniform Joint Obligations Act; common-law contribution; equitable subrogation; and indemnification based on a clause in the lease contract between SIVA Truck Leasing and Milwaukee Careers Cooperative. As we have seen, the trial court held that none of these routes were available to Philadelphia Indemnity because Philadelphia Indemnity had defaulted.

## II.

¶ 4. Our review of a trial court's grant of summary judgment is *de novo*. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). In assessing whether summary judgment is appropriate, we first determine whether the complaint states a claim, and, if so, whether there are

any genuine issues of material fact for trial. *Preloznik v. City of Madison*, 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–583 (Ct. App. 1983). Summary judgment is not appropriate if the complaint states a claim and there are genuine issues for trial. WIS. STAT. RULE 802.08(2).

¶ 5.   It is paradigm in our law that persons who are liable to another should, if possible, pay only their fair share of that liability, and, variously, the mechanism to ensure this can be "subrogation," *General Accident Insurance Co. of America v. Schoendorf & Sorgi*, 202 Wis. 2d 98, 107, 549 N.W.2d 429, 433 (1996), "contribution," *State Farm Mutual Automobile Insurance Co. v. Schara*, 56 Wis. 2d 262, 266, 201 N.W.2d 758, 760 (1972), or "indemnification," *Teacher Retirement System of Texas v. Badger XVI Ltd. Partnership*, 205 Wis. 2d 532, 546–547, 556 N.W.2d 415, 421 (Ct. App. 1996). As Philadelphia Indemnity recognized by its alternative-claims complaint against Cincinnati Insurance, these are different paths to the same destination. For simplicity, we focus on "contribution," which, as we explain, is dispositive. Accordingly, we do not discuss Philadelphia Indemnity's alternative contentions. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").

¶ 6.   "When no express agreement confers a right of contribution, a party's right to seek contribution against another is premised on two conditions: (1) the parties must be liable for the same obligation; and (2) the party seeking contribution must have paid more

than a fair share of the obligation." *Kafka v. Pope*, 194 Wis. 2d 234, 242–243, 533 N.W.2d 491, 494 (1995). Although, as Cincinnati Insurance points out, some of the cases add that the parties be "joint tortfeasors," *see Fire Insurance Exchange v. Cincinnati Insurance Co.*, 2000 WI App 82, ¶ 8, 234 Wis. 2d 314, 321–322, 610 N.W.2d 98, 103, Cincinnati Insurance's contention, adopted by the trial court, that Philadelphia Indemnity and Cincinnati Insurance are not "joint tortfeasors" and that thus Philadelphia Indemnity has no viable claim for contribution, is without merit. Insurance companies stand in the shoes of their insureds, *Estate of Capistrant v. Froedtert Memorial Lutheran Hospital, Inc.*, 2003 WI App 213, ¶ 8, 267 Wis. 2d 455, 462–463, 671 N.W.2d 400, 403, and, for the purposes of the summary-judgment record, Bates is the "insured" of both Philadelphia Indemnity and Cincinnati Insurance, and their liability, if any, is based on what he did. Stated another way, there is only one alleged tortfeasor from whom flows the insurance companies' potential liability to those passengers who settled with Philadelphia Indemnity. Accordingly, only the two *Kafka* factors are material here.

¶ 7. Further, neither the plaintiffs' dismissal of Cincinnati Insurance, nor Philadelphia Indemnity's settlement with the plaintiffs stands in the way of Philadelphia Indemnity's claim for contribution. As *Fire Insurance Exchange* recognizes, contribution "can also be based on a settlement of what is contended to be joint liability, with the settling party being required to prove that: (1) both parties were obligated to the payee; (2) the amount of the payment was reasonable; and (3) the proportionate fault with negligent tortfeasors, or other apportionment method when negligence is not the basis for mutual liability [*sic*]." *Id.*, 2000 WI

App 82, ¶ 8, 234 Wis. 2d at 322, 610 N.W.2d at 103; *see also Teacher Ret. Sys.*, 205 Wis. 2d at 545, 556 N.W.2d at 420 ("whether 'common liability' exists is determined at the time the damages were sustained and cannot be extinguished by one or more of those allegedly responsible for the plaintiff's damages subsequently settling with the plaintiff"). Here, of course, Bates's alleged negligence is "the basis for mutual liability" asserted by Philadelphia Indemnity, and thus the third *Fire Insurance Exchange* element does not apply.

¶ 8. We now turn to the *Kafka* criteria. Both are satisfied here.

A. *Liability for same obligation.*

¶ 9. Philadelphia Indemnity's liability for the injuries suffered by Bates's passengers was based on Bates's alleged negligence, which Philadelphia Indemnity cannot contest because it defaulted. As we have seen, Cincinnati Insurance also provided coverage for Bates's alleged negligence. Thus, as noted, the liability of both insurance companies stems from the same obligation—insurance coverage for Bates's alleged negligence. Philadelphia Indemnity's liability-by-default does not change the calculus. A claim for contribution "is unaffected by the underlying transaction," *Schara*, 56 Wis. 2d at 267, 201 N.W.2d at 760 (contribution claim timely even though statute of limitations for underlying tort expired), and the requisite commonality of liability "is determined at the time the damages were sustained," *Teacher Retirement System*, 205 Wis. 2d at 545, 556 N.W.2d at 420.[1] It is thus immaterial that Philadelphia

---

[1] The recognition by *State Farm Mutual Automobile Insurance Co. v. Schara*, 56 Wis. 2d 262, 267, 201 N.W.2d 758, 760 (1972), that a claim "for contribution is unaffected by the

Indemnity's settlement was spurred by the default rather than an active lawsuit against it; if it paid more than its fair share for damages caused by Bates's alleged negligence, it is entitled to recompense from Cincinnati Insurance if Cincinnati Insurance paid less than its fair share of the damages caused by Bates's alleged negligence.

B. *Unequal payment.*

¶ 10.   Whether Philadelphia Indemnity's payment of more than $500,000 to settle the passengers' claims was more than its fair share depends on whether Bates was negligent so as to trigger Cincinnati Insurance's liability to the plaintiffs for his negligence. As we have seen, Philadelphia Indemnity's default determined that Bates was negligent insofar as its liability to the passengers was concerned. The record is not clear whether Bates's negligence has also been determined in an action that might affect Cincinnati Insurance's liability. *See Jensen v. Milwaukee Mut. Ins. Co.,* 204 Wis. 2d 231, 235, 554 N.W.2d 232, 233–234 (Ct. App. 1996) (discussing who is bound under the related doctrines of claim preclusion and issue preclusion). If it has been determined, the apportionment appears to be fairly simple

---

underlying transaction" was in the face of its concern that the resulting six-year "lengthy period within which to bring suit" for contribution in tort actions did not "serve[] the public interest." *Id.,* 56 Wis. 2d at 268, 201 N.W.2d at 761. Accordingly, *Schara* suggested that the legislature require "that actions for contribution based on tort be brought within one year of the accrual of the cause of action." *Ibid.* The legislature apparently followed that suggestion. *See* Wis. Stat. § 893.92 ("An action for contribution based on tort, if the right of contribution does not arise out of a prior judgment allocating the comparative negligence between the parties, shall be commenced within one year after the cause of action accrues or be barred.") (created by 1977 Wis. Laws, ch. 180).

—Cincinnati Insurance's liability turns on whether and to what extent Bates was negligent. If Bates's negligence has not been determined in such an action, there must be a trial on that issue.

¶ 11. We reverse the judgment and remand for further proceedings to give Philadelphia Indemnity the chance to prove, if it can, that Bates was negligent, that what it paid in settlement was reasonable, and that it bore more than its fair share of Bates's responsibility for the plaintiffs' injuries. *See Fire Ins. Exch.*, 2000 WI App 82, ¶ 8, 234 Wis. 2d at 322, 610 N.W.2d at 103.

*By the Court.*—Judgment reversed and cause remanded.