STATE of Wisconsin, Plaintiff-Respondent-Petitioner,

v.

John R. WEBER, Defendant-Appellant-Cross Petitioner.

Supreme Court

*No. 90-0181-CR. Filed November 15, 1991.*

(Also reported in 476 N.W.2d 867.)

HEFFERNAN, CHIEF JUSTICE (on motion for reconsideration). Defendant moves this court for reconsideration of its decision in *State v. Weber,* 163 Wis. 2d 116, 471 N.W.2d 187 (1991), reversing the court of appeals and reinstating his convictions. Defendant argues that, because this court "decided the case in favor

of the state on three grounds which were never the subject of a request for review," the decision violated his rights to notice and adversary counsel on appeal. The defendant asserts that, because the parties were limited by sec. (Rule) 809.62(6), Stats.,[1] to the automobile-search doctrine, the court was likewise constrained.

Defendant confuses legal issues with legal arguments. We write to clarify that the issues before the court are the issues presented in the petition for review[2] and not discrete arguments that may be made, pro or con, in the disposition of an issue either by counsel or by the court.

Section (Rule) 809.62(2)(a), Stats., provides that a petition for review "must contain a statement of the issues presented for review." The first issue presented in

---

[1]Section (Rule) 809.62(6), Stats., provides:

The supreme court may grant the petition upon such conditions as it considers appropriate, including the filing of additional briefs. If the petition is granted, the petitioner cannot raise or argue issues not set forth in the petition unless ordered otherwise by the supreme court. The supreme court may limit the issue to be considered on review.

[2]The terms, "argument" and "issue" are defined as follows in *Webster's Third New International Dictionary*:

*Argument:* 2a a reason given for or against a matter under discussion; 3b a coherent series of reasons, statements, or facts intended to support or establish a point.

*Issue:* 6a a point in question of law or fact; *specify:* a single material point of law or fact depending in a suit that is affirmed by one side and denied by the other and that is presented for determination at the conclusion of the pleadings.

It should be noted also that the Judicial Council comment to sec. (Rule) 809.62(2), Stats., points out that the petition should state "how the court of appeals decided the issues." It is thus clear that an issue as used in that rule, as the above definition points out, is the point of law that is presented for final determination at the conclusion of the legal proceeding.

the state's petition for review asked whether the playing of defendant's audio cassette tape "violate[d] the defendant's right under the state and federal constitutions to be free from unreasonable searches and seizures."

While the state and the defendant limited their arguments to the automobile-search doctrine, this did not narrow the fourth amendment constitutional issue before the court. The requirements of sec. (Rule) 809.62(6), Stats., did not limit the parties' arguments to the automobile-search doctrine. The "issue" before the court was the issue set forth in the petition—the constitutionality of the search and seizure—not separate arguments that could be made defending or attacking the constitutionality of the search and seizure. *See Federated Rural Electric Ins. Co. v. Kessler,* 131 Wis. 2d 189, 215, 388 N.W.2d 553 (1986) (Abrahamson, J., dissenting) (noting relationship between "issues" under sec. (Rule) 809.62(2)(a), Stats., and "issues" under sec. (Rule) 809.62(6)).[3]

The state's response assumes that this court must have relied on the inventory search arguments stated in the court of appeals' brief when it granted review. We did not. This court exercised its discretion to review the fourth amendment issue stated in the petition. While the court has the discretion to request additional briefing, it did not do so in this case. The petition for review placed the defendant on notice of the issue before the court and, consequently, due process did not require that we request

---

[3]D. Walther, P. Groves, and M. Heffernan, *Appellate Practice and Procedure in Wisconsin* (1986), sec. 11:3e(2) Issues and sec. 11.3e(5) Argument, makes clear that "issues" and "arguments" supporting an issue are not identical, *e.g.* sec. 11.3e(5), p. 11–10, which states: "The *argument* should be as complete as possible. Present everything that is needed to decide an *issue* . . .." (Emphasis supplied.)

additional briefing. Once an issue is raised in a petition for review, any argument addressing the issue may be asserted in the brief of either party or utilized by this court.

The motion for reconsideration is denied.

I am authorized to state that Justices Day, Callow, Steinmetz, Ceci, and Bablitch join in this opinion.

SHIRLEY S. ABRAHAMSON, J. (dissenting on denial of motion for reconsideration). The defendant's counsel (an assistant public defender) and the state's counsel (an assistant attorney general), both of whom frequently represent litigants in this court, agree that the court decided this case on issues not raised in the petition for review or briefs, and both ask for clarification of the court's practice and procedure under sec. 809.62(2)[1] and (6)[2] in deciding issues not raised in the petition for

---

[1]Section (Rule) 809.62(2), Stats. 1989-90, provides: ". . . the petition must contain: (a) A statement of issues presented for review . . .."

[2]Section (Rule) 809.62(6), Stats. 1989-90, provides: "The supreme court may grant the petition upon such conditions as it considers appropriate, including the filing of additional briefs. If the petition is granted, the petitioner cannot raise or argue issues not set forth in the petition unless ordered otherwise by the supreme court. The supreme court may limit the issues to be considered on review."

The court views this Rule as binding the court as well as the parties. The court has said that if an issue is not raised in the petition for review or in a cross-petition, "the issue is not before us." *Betchkal v. Willis,* 127 Wis. 2d 177, 183, n.4, 378 N.W.2d 684 (1985). See also *Town of Fifield v. State Farm Mut. Auto Ins. Co.,* 119 Wis. 2d 220, 225, n.3, 349 N.W.2d 684 (1984); *Federated Rural Electric Insurance Co.,* 131 Wis. 2d 189, 215, 388 N.W.2d 553 (1986) (Abrahamson, J., dissenting); *State v. Seibel,* 163 Wis. 2d 164, 183, n.15, 471 N.W.2d 226 (1991). The court has discre-

review.[3] The defendant asks for an opportunity to brief the issues upon which the court based its decision. If reconsideration is granted the state asks for an opportunity to update its original brief.[4]

On motion for reconsideration the majority opinion denies the defendant an opportunity to submit an additional brief, concluding that because the court decided the case on the very "issue" presented in the petition for review, the defendant had had an opportunity to present all "arguments" in the initial briefs. The majority opin-

tion, however, to review an issue not raised by the parties. See notes 5 and 6 below.

[3]The state's response to the motion for reconsideration argues that the defendant had a full opportunity to address, and did address, the question of an inventory search in his court of appeals brief; that the primary ground for the court's decision was that the search was a valid inventory search; and that the question whether the defendant had the opportunity to address the other two secondary grounds on which the court's opinion relied presents a moot question. The state concludes that under these circumstances it sees no need for new briefing.

The state's response to the motion for reconsideration goes on to ask for clarification of court practice as follows: "Insofar as there may be any question as to whether this court considered the arguments on the inventory issue that the defendant presented to the court of appeals, this court may want to clarify the matter in its decision on the present motion for reconsideration." P. 2, n.1.

As the majority opinion explains, the court did not examine the briefs submitted to the court of appeals. The court's standard order granting a petition for review (the order issued in this case) explains that if a party wants to rely on any material in the court of appeals' brief it must be restated in the brief filed in this court.

[4]If new briefs were ordered, the state asked to be permitted to brief the question of the legitimacy of playing the tape under the automobile exception to the warrant requirement in light of authority decided after the original briefs were filed in this case and after oral argument was held.

ion rests this conclusion on its interpretation of the word "issue" in sec. (Rule) 809.62(2) and (6), distinguishing between issues and arguments as follows: "the issues before the court are the issues presented in the petition for review and not discrete arguments that may be made, pro and con, in the disposition of an issue either by counsel or by the court." Majority op. at 789.

The majority quotes the state's petition for review (p. 2) as setting forth the issue as follows: Does the playing of the tape violate the defendant's constitutional right "to be free from unreasonable searches and seizures?" The majority ignores the subsequent passages of the state's petition that expressly narrowed this statement of the issue to fit the facts, namely that the state "has defended, and will be defending, the playing of the tape on the basis that it was a legitimate part of a probable cause search of an automobile that had been the site and an instrumentality of a crime." (p. 12)

I agree that the court and parties must examine the petition for review to determine the issues the petitioner may raise on review. As I read the petition for review in this case—and as both the state and defendant understood it—the petition presented the narrow issue of whether the playing of the tape was a legitimate part of a probable cause search of an automobile that had been the site and an instrumentality of a crime. In this case, the petition for review, the response and the briefs all show that the parties understood the case as presenting a narrow probable cause issue under the fourth amendment. The parties in this case briefed and argued only this narrow probable cause issue of fourth amendment law.

The majority has recast the state's (the petitioner's) statement of the issue at a high level of generality. One can, of course, frame an issue at various levels of general-

ity. No *a priori* standard exists to determine the appropriate level of generality for framing the statement of an issue. Numerous books and articles attempt to advise the practitioner on the art of framing an issue. The usual advice proffered is that the attorney should raise only the most critical issues and should state each issue narrowly and precisely in terms of the facts of the case, not in abstract or general terms.[5]

---

[5] "The precise question should be stated in such a way that the Supreme Court is immediately made aware of the scope of the problem in relation to the facts. The question should isolate the exact issues which the brief writer thinks are crucial for victory in his case." N.S. Heffernan, *Briefs, Oral Argument, and the Judicial Process,* in Harvey, 4 Wisconsin Practice—Civil Procedure Forms at 32 (1976).

For discussions on the art of framing issues in appellate briefs, the overlap of issues and arguments, and appellate courts' *sua sponte* discretionary power to consider issues and arguments not raised by the parties, *see, e.g.,* H.M. Levy, *How to Handle An Appeal,* secs. 6.4.1 and 12.5.1.1 (1990); M.E. Tigar, *Federal Appeals: Jurisdiction and Practice* sec. 9.08 (1987); D.L. Walther, P.L. Groves and M.S. Heffernan, *Appellate Practice and Procedure in Wisconsin* secs. 11:3e(2) and 11:3e(5) (1986); R.J. Martineau, *Modern Appellate Practice: Federal and State Civil Appeals* secs. 3.8, 3.9 and 11.25 (1983) and 1991 Supplement for recent cases; R.L. Stern, *Appellate Practice in the United States,* sec. 7.18 (1981); R.J. Martineau and R.R. Malmgren, *Wisconsin Appellate Practice* sec. 1602 (1978); E.D. Re, *Brief Writing and Oral Argument* pp. 116–23 (5th ed. 1974); Sobieski, *The Theoretical Foundations of the Proposed Tennessee Rules of Appellate Procedure,* 45 Tenn. L. Rev. 161, 194–200 (1978); Godblood, *Twenty Pages and Twenty Minutes—Effective Advocacy on Appeal,* 30 Sw. L.J. 801, 809–810 (1976); Tate, *Sua Sponte Consideration on Appeal,* 9 Judges' J. 681 (1970); Cooper, *Stating The Issue in Appellate Briefs,* 49 A.B.A.J. 180 (1963); Currie and Heffernan, *Wisconsin Appellate Practice and Procedure* pp. 22–23 (ATS State Bar 1975); Vestal, *Sua Sponte Consideration*

The majority's distinction (via dictionary definition) between an "issue" and an "argument" fails, because any distinction depends on the level of generality used to define the issue (the question of law) and is too indeterminate to provide guidance to the parties or the court in future cases. The majority opinion will, I believe, prove troublesome for counsel and the court.

If the court wanted to view this case as raising broader or other issues than the one the parties set forth or different arguments than the parties made, whichever characterization the court prefers, the court had the jurisdiction to do so.[6] Justice may require the court to examine issues the parties did not. I believe, however, that the court should request additional briefs from the parties when the court intends to rest its decision solely or substantially on significant issues (or arguments, if the court prefers) the parties never addressed. When the court does not ask for additional briefs before it renders its decision, then if after the decision the losing party moves to reconsider and asks to submit a brief on the new matters upon which the court relied, the court should, I believe grant the motion and authorize both

*in Appellate Review,* 27 Ford. L. Rev. 477 (1959); Currie, *Some Aspects of Appellate Practice Before the Wisconsin Supreme Court,* 1955 Wis. L. Rev. 554, 555–56; Campbell, *Extent to Which Courts of Review Will Consider Questions Not Properly Raised and Preserved—Part I,* 7 Wis. L. Rev. 91, *Part II,* 7 Wis. L. Rev. 160 (1933); Comment, *Appellate Consideration of Issues Not Raised by Counsel: The Decision in Homex Realty,* 3 Sup. Ct. L. Rev. 453 (1982).

[6]Once a case is before the court, the court may, within its discretion, "review any substantial and compelling issue which the case presents." *Univest Corp. v. General Split Corp.,* 148 Wis. 2d 29, 32, 435 N.W.2d 234 (1989). For discussions of an appellate court's discretionary power to consider new issues and new arguments *sua sponte,* see materials cited in note 5 above.

parties to file additional briefs. This practice will, I conclude, ensure the parties' and court's compliance with sec. 809.62, will promote fairness, will not cause unnecessary delay, will preserve and protect the adversarial system, and will help assure correct results.[7]

For the reasons set forth, I dissent from the denial of the motion.

---

[7]The defendant also raises constitutional considerations on reconsideration. He argues that the court's procedure violates the defendant's right to a meaningful appeal, to notice required by due process, and to adversary counsel. *Cf. Langford v. Idaho,* — U.S. —, 59 L. W. 4434 (May 20, 1991), invalidating a death penalty on due process grounds, because "the silent judge was the only person in the courtroom who knew that the real issue that they [counsel] should have been debating was the choice between life and death."