Richard F. MODICA , Executor of the Estate of Sherrill A. Modica, Deceased, Richard F. Modica, and Melissa Modica, Plaintiffs-Appellants-Cross Respondents,†

v.

Doug VERHULST, Defendant-Respondent-Cross Appellant.

Court of Appeals

*No. 94–2756. Submitted on briefs May 9, 1995.—Decided June 29, 1995.*

(Also reported in 536 N.W.2d 466.)

†Petition to review denied.

634

For the plaintiffs-appellants-cross respondents the cause was submitted on the briefs of *Steven J. Schaefer* of Madison and *Daniel T. Williams, Jr.* of Rockford, Illinois.

For the defendant-respondent-cross appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *David T. Flanagan*, assistant attorney general.

Before Dykman, Sundby, and Vergeront, JJ.

VERGERONT, J. Plaintiffs appeal from an order dismissing their medical malpractice claim against Doug Verhulst, a radiology technician employed at the University of Wisconsin Hospitals and Clinics (UWH). The trial court dismissed the action because the plaintiffs' notice of claim served upon the attorney general did not state Verhulst's name. We conclude that § 893.82(2m) and (3), STATS., requires that the names of persons involved in the circumstances of the claim be stated in the notice of claim. Because the first notice of claim did not contain Verhulst's name and the amended notice of claim was untimely, we affirm the trial court's order. Verhulst, on cross-appeal, contends that the trial court erroneously exercised its discretion when it awarded attorney fees and costs against Verhulst's attorney (the attorney general's office) for failure to comply with a pretrial order. We conclude this was not an erroneous exercise of discretion and affirm the order awarding attorney fees and costs.

## BACKGROUND

The pertinent facts are not in dispute. On March 25, 1991, Sherrill Modica was injured when she fell while being transferred from an X-ray examination

table in the UWH Radiology Department to her wheel-chair. On September 11, 1991, Modica,[1] Richard Modica and Melissa Modica served a Notice of Claim of Injury and Claim for Damages on the attorney general's office by certified mail. The notice was addressed to the attorney general, to various named individuals, and to various unnamed persons described by job position. One of the unnamed addressees was: "Unknown Radiology Technician or Technicians, 600 Highland Avenue, Madison, Wisconsin 53792-0001." The notice described the incident, including the involvement of an "unknown radiology technician."[2]

---

[1] Sherrill Modica died after the initial complaint was filed. The action continued with these plaintiffs: Richard Modica, executor of her estate; Richard Modica, her husband; and Melissa Modica, her daughter.

[2] The notice of claim also stated:

15. Claimants continue to exercise every effort to discover information concerning this incident including inquiry into whether or not other personnel were involved and the names of all personnel involved in the incident. However, claimants have been unable to obtain additional pertinent information other than that which is summarized herein. Claimants are required by law to file this notice of claim and to make a specific request for damages. This claim will however be amended from time to time to reflect additional information about facts and monetary damage as that information becomes available. The complainants reserve their right to redirect their claim against individuals other than those named above if and when additional information is provided and the information discloses that other persons or entities were involved in the incident.

. . . .

17. The claimant and her husband, Richard Modica, seek damages against one or more of the individuals and entities named above, and unknown and unnamed employees, physicians, nursing staff members, technical staff members, Radiology Department technicians, Radiology Department physicians, and other agents or employees of UWH which are named or are to be named at a later date.

Plaintiffs filed this action on January 13, 1992. The initial complaint named UWH and John and Jane Doe as defendants. Plaintiffs served interrogatories on UWH by letter dated January 14, 1992, one of which asked for the full name and complete last-known address of each and every person who was employed in the UWH Radiology Department and who actively worked in that department on March 25, 1991. The response, dated April 7, 1992, stated the names and addresses of three employees who were involved in the radiology care of Sherrill Modica on March 25, 1991. Two were physicians and the third was Doug Verhulst. On June 4, 1993, plaintiffs filed an amended complaint naming Doug Verhulst as a defendant instead of John and Jane Doe. Plaintiffs served an Amended Notice of Claim of Injury and Claim for Damages, dated August 27, 1992, on the attorney general's office by certified mail. The content of the amended notice as it concerns this dispute was the same as that of the first notice, except that the name and address of Doug Verhulst was added to the list of addressees.

Verhulst moved for summary judgment on the ground that the September 11, 1991 notice of claim did not comply with § 893.82(3), STATS., as to Verhulst because it did not state his name. The trial court granted the motion and dismissed the action. Plaintiffs argue on appeal that at the time the injury occurred, strict compliance with § 893.82(3) was not required and therefore the first notice of claim, coupled with the amended notice of claim, was sufficient. Alternatively, plaintiffs argue that even if they had to strictly comply with § 893.82(3), they did so.

■■■

The construction of a statute when the facts are not disputed presents a question of law, which this

court decides *de novo*, without deference to the trial court's determination. *Tahtinen v. MSI Ins. Co.*, 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985). In construing a statute, our purpose is to ascertain and give effect to the legislative intent. *State ex rel. Dieckhoff v. Severson*, 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). We look first to the language of the statute and if that is unambiguous, our duty is to give the language its ordinary meaning. *Id.* at 189-90, 426 N.W.2d at 73. Whether a statute has retroactive or prospective application is also a question of law that we decide *de novo*. *Salzman v. DNR*, 168 Wis. 2d 523, 528, 484 N.W.2d 337, 339 (Ct. App. 1992).

## NOTICE OF CLAIM

At the time the injury occurred, March 25, 1991, and since that date, § 893.82(3), STATS., has provided that no civil action may be brought against a state employee for acts arising out of his or her duties unless, within the prescribed time period,[3] "the claimant . . . serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event . . . and the names of persons involved, including the name of the state officer, employe or agent involved."[4] However, since the date of

---

[3] The time period for serving the notice of claim for medical malpractice actions is 180 days "after discovery of the injury or the date on which, in the exercise of reasonable diligence, the injury should have been discovered." Section 893.82(5m), STATS. For all other actions, it is 120 days from the event causing injury. Section 893.82(3).

[4] Section 893.82(3), STATS., has contained the same requirements for the contents of the notice since it was first enacted by Laws of 1973, ch. 333, § 182c. The statute was then numbered § 895.45, STATS.

the injury, there have been changes in other subsections of § 893.82 that affect the interpretation of § 893.82(3).

The version of § 893.82(1), STATS., in effect on March 25, 1991, provided:

> (a) The purposes of this section are to:
> 1. Provide the attorney general with adequate time to investigate claims which might result in judgments to be paid by the state.
> 2. Provide the attorney general with an opportunity to effect a compromise without a civil action or civil proceeding.
> 3. Place a limit on the amounts recoverable in civil actions or civil proceedings against any state officer, employe or agent.
> (b) The provisions of this section shall be liberally construed to effectuate this intent.

Section 893.82(1), 1989-90. This section was enacted by 1983 Wis. Act 27, § 1782.

Effective August 15, 1991, § 893.82(1)(b), STATS., was repealed and § 893.82(2m) was added, providing that "No claimant may bring an action against a state officer, employe or agent unless the claimant complies strictly with the requirements of this section."[5]

Our decisions interpreting § 893.82(3), STATS., illustrate the difference between a liberal and a strict construction of its requirements. Prior to the 1983 enactment of § 893.82(1)(b), we held that "substantial compliance" with § 895.45, STATS., the predecessor to § 893.82(3), was insufficient. *Yotvat v. Roth*, 95 Wis. 2d 357, 361, 290 N.W.2d 524, 527 (Ct. App. 1980). Following *Yotvat*, we held in *Protic v. Castle Co.*, 132 Wis. 2d 364, 392 N.W.2d 119 (Ct. App. 1986), that a notice of claim complied with § 893.82(3) only as to the one state

---

[5] *See* 1991 Wis. Act 39, §§ 3580 and 3582.

employee referred to by name. *Id.* at 369, 392 N.W.2d at 122. The notice of claim was insufficient, we held, as to other employees who were referred to as nurses and other hospital personnel who had attended the plaintiff during a particular time and who were, according to plaintiff, named in the medical records attached to the notice of claim. *Id.*

Then, in *Daily v. University of Wisconsin, Whitewater*, 145 Wis. 2d 756, 429 N.W.2d 83 (Ct. App. 1988), we considered the effect of § 893.82(1)(b), STATS., which had been enacted after *Yotvat* and prior to *Protic*, although not brought to our attention in *Protic*. *Id.* at 759, 429 N.W.2d at 84. In *Daily*, the notice of claim set forth the time, date, location and circumstances of the injury, but named only the State of Wisconsin and the University of Wisconsin-Whitewater as the responsible parties. We concluded, in view of the "liberal construction" language in § 893.82(1)(b), that this notice of claim substantially complied with § 893.82(3). *Id.* at 762, 429 N.W.2d at 85. We decided that the 1983 amendment adding § 893.82(1)(b) indicated a legislative intent to overrule *Yotvat* and permit substantial compliance. *Id.* at 761, 429 N.W.2d at 85.

■

Subsequent to our decision in *Daily*, effective August 15, 1991, the legislature once again amended § 893.82, STATS., this time deleting the "liberal construction" language in § 893.82(1)(b) and replacing it with the "strict construction" language of § 893.82(2m). The legislature is presumed to act with knowledge of appellate decisions interpreting state statutes. *Daily*, 145 Wis. 2d at 759, 429 N.W.2d at 84. We presume, therefore, that when the legislature amended the statute in this way, it was aware of our ruling in *Daily*. We conclude that the 1991 amendment had the effect of

negating our ruling in *Daily* that substantial compliance with § 893.82(3) was sufficient. Since the 1991 amendment, strict compliance has been required, as § 893.82(2m) plainly states. *See Kellner v. Christian*, 188 Wis. 2d 525, 531-32, 525 N.W.2d 286, 289 (Ct. App. 1994) (strict compliance with § 893.82 is required; requirements of the statute are not general guidelines but are rules that must be adhered to with exacting care), *petition for review granted*, 191 Wis. 2d vii, 531 N.W.2d 325 (Wis. Jan. 17, 1995).

Plaintiffs argue that the "substantial compliance" standard of *Daily* applies to their notice of claim because Sherrill Modica's injury occurred on March 25, 1991, before § 893.82(1)(b), STATS., was replaced by § 893.82(2m). According to the plaintiffs, the trial court's application of the "strict construction" language to their notice of claim is an impermissible retroactive application of the 1991 amendment.

We do not agree with plaintiffs' premise that the application of the amendment to their notice of claim is a retroactive application. "A retroactive statute is one which gives to preenactment conduct a different legal effect from that which it would have had without the passage of the statute." *State ex rel. Cannon v. Moran*, 107 Wis. 2d 669, 686, 321 N.W.2d 550, 560 (Ct. App. 1982), *rev'd on other grounds*, 111 Wis. 2d 544, 331 N.W.2d 369 (1983). The 1991 amendment did not affect the amount of time within which plaintiffs had to serve a notice of claim on the attorney general. That time period, both before and after the amendment, was 180 days. On the amendment's effective date, 180 days had not yet passed from the date of injury and plaintiffs had not yet served their notice of claim. They served it on September 11, 1991, after the amendment had taken effect.

Even if we were to assume that application of the August 15, 1991 amendment to plaintiffs' notice of claim is "retroactive" because the amendment occurred after the date of injury, its application is not, for that reason alone, improper. The general rule of statutory construction is that substantive statutes are to be construed as relating to future and not past acts. *City of Madison v. Town of Madison*, 127 Wis. 2d 96, 101-02, 377 N.W.2d 221, 224 (Ct. App. 1985). However, remedial or procedural statutes are given retroactive application unless there is a clearly expressed legislative intent to the contrary or unless retroactive application would impair contracts or vested rights. *Id.* at 102, 377 N.W.2d at 224. A statute that prescribes the method for enforcing a right or remedy is procedural; if it creates, defines or regulates rights or obligations, it is substantive. *Id.*

In *Gutter v. Seamandel*, 103 Wis. 2d 1, 308 N.W.2d 403 (1981), the court distinguished between procedural and substantive provisions in a notice of claim statute.[6] A new requirement of presenting the claim to the city clerk and waiting for disallowance prior to suit was procedural because it did not lengthen or shorten the time within which the claimant had to act. *Gutter*, 103 Wis. 2d at 18, 308 N.W.2d at 411. On the other hand, a new requirement that suit be brought within six months of disallowance was a statute of limitations and therefore could not be applied to actions that accrued prior to the effective date of the statute. *Id.* Since both requirements were contained in one paragraph and there was no basis in the statute for applying some sentences prospectively and others ret-

[6] Section 895.43, STATS., 1977, governed suits against political corporations and governmental subdivisions.

643

roactively, the court concluded that the entire paragraph did not apply retroactively. *Gutter*, 103 Wis. 2d at 19, 308 N.W.2d at 411-12.

■

The 1991 amendment of § 893.82, STATS., requiring strict construction instead of liberal, does not lengthen or shorten the time within which plaintiffs had to take any action. Rather, it affects the contents and other requirements of the notice of claim by imposing an obligation to strictly adhere to those already-existing requirements. It does not, like a statute of limitations, create or destroy any rights. *See Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 149, 493 N.W.2d 40, 43 (1992) (statutes of limitations are substantive, not procedural, because they create and destroy rights). We therefore conclude that the 1991 amendment is procedural. Since there is nothing in the language of § 893.82(2m) to indicate it should not be applied to causes of action that accrued prior to its effective date, it does apply to plaintiffs' cause of action unless doing so would impair a vested right.

Plaintiffs do not have a vested right in a particular remedy or method of procedure. *Steffen v. Little*, 2 Wis. 2d 350, 358, 86 N.W.2d 622, 626 (1957). They do have a vested right in their cause of action for negligence. *Betthauser*, 172 Wis. 2d at 150, 493 N.W.2d at 43. But the 1991 amendment does not impair that right since plaintiffs had the opportunity to comply with it before the 180 days expired.

■

In *Mosing v. Hagen*, 33 Wis. 2d 636, 148 N.W.2d 93 (1967), the court held that a statute requiring that a summons be filed in the clerk's office within one year after service was a procedural statute. *Id.* at 642, 148 N.W.2d at 97. This statute became effective after plain-

tiff had served the summons on the defendant but before the expiration of one year from service. Since the plaintiff had not filed the summons within one year of service, if the new statute were to apply, the action would be dismissed and another would be barred by the statute of limitations. *Id.* at 641, 148 N.W.2d at 96. The plaintiff argued that the statute affected a vested right and therefore should not be applied to causes of action accruing before its effective date. The court held that the statute was procedural and should be applied to plaintiff's cause of action. *Id.* at 642, 148 N.W.2d at 97. Such application, the court found, did not jeopardize the plaintiff's right to assert his cause of action, did not diminish the statute of limitations, and did not impose an unreasonable burden on the plaintiff since the plaintiff could have complied with the new statute. *Id.* For these same reasons, we conclude that application of the 1991 amendment to plaintiffs' notice of claim is proper.

Plaintiffs' argument against application of the 1991 amendment is based primarily on *Protic*. In *Protic*, we considered the applicability of an amendment to § 893.82, STATS., that changed existing case law by requiring that persons whose claims are based on indemnification or contribution file a notice of claim within 120 days. *See* § 893.82(4). We stated:

> Statutory amendments take effect when enacted. They may not be applied retroactively unless such an intent is expressly stated or necessarily implied in the amendatory language. *State ex rel. Briggs & Stratton v. Noll*, 100 Wis. 2d 650, 655, 302 N.W.2d 487, 490 (1981).

*Protic*, 132 Wis. 2d at 370, 392 N.W.2d at 122. We remanded for a factual determination as to when the

645

120 days began to run, stating that if the "triggering event" was before the effective date of the new statute, no notice of claim was required. *Id.* at 371, 392 N.W.2d at 123.[7]

Although in *Protic* we did not discuss the difference between procedural and remedial statutes, the rule we cited and the case we cited—*State ex rel. Briggs & Stratton v. Noll*—relate to substantive statutes. The creation of a wholly-new requirement that a notice of claim be filed is distinguishable from the 1991 amendment, which mandated stricter compliance with already-existing requirements for an already-required notice of claim. *Protic* does not persuade us, nor does it require us, to conclude that the 1991 amendment applies only to causes of action accruing on or after August 15, 1991.

Plaintiffs also contend that § 990.06, STATS., requires that the 1991 amendment apply only to causes of action accruing after August 15, 1991.[8] Section

---

[7] Section 893.82(4)(b)1, STATS., provides that the 120 days, for claims based on contribution or indemnification, begins to run from the date of the event causing injury or, if the claimant shows he or she had no actual or constructive knowledge at that time, within 120 days of the date the claimant acquired knowledge of the underlying cause of action or the date the cause of action for contribution or indemnification accrued, whichever is earlier.

[8] Section 990.06, STATS., provides:

> In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time

990.06, by its plain terms, applies only to statutes that prescribe "a limitation or period of time." The 1991 amendment did not repeal or amend a statute of limitations or a time period.

■

We now consider whether the September 11, 1991 notice of claim complied with § 893.82(2m) and (3), STATS. We conclude that it did not. Section 893.82(3) requires that the notice contain the "names of persons involved, including the name of the state . . . employe . . . involved." There is no ambiguity here. A state employee must be identified by name, not by job title. This was our holding in *Protic* when, in light of *Yotvat*, we applied a strict compliance standard. The now-explicit strict construction mandate of § 893.82(2m) requires the same result here.

The dissent concludes that under § 893.82(5m), STATS., the 180-day time period did not begin to run until plaintiffs learned Verhulst's name or, in the exercise of reasonable diligence, should have learned his name. In the dissent's view, plaintiffs are entitled to a trial on the issue of whether they exercised reasonable diligence in obtaining his name because, if they did, the amended notice of claim, which contained his name, is timely.

Plaintiffs have not argued that the amended notice was timely under § 893.82(5m), STATS., because they exercised reasonable diligence to learn Verhulst's name. However, in the context of arguing that the amended notice substantially complied with § 893.82, they discuss the efforts they undertook to obtain his name. Both parties submitted factual materials on this topic. Those materials show that there are no disputed

which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

facts on the issue of whether plaintiffs exercised reasonable diligence. Assuming, without deciding, that the 180-day period for serving the notice of claim under § 893.82(5m) did not begin to run until plaintiffs learned the name of the radiology technician or, in the exercise of reasonable diligence should have learned it, we conclude as a matter of law they did not exercise reasonable diligence in discovering his name.

■

The undisputed facts are as follows. At least as of September 11, 1991, the date of the first notice of claim, plaintiffs believed the injury was the result of the actions of an individual radiology technician. No one from UWH told plaintiffs the name of the radiology technician who was providing care to Sherrill Modica or how they could obtain the name. Throughout 1991, it was the policy and practice of UWH to disclose to a patient and to a patient's authorized representative, upon request, the name of the individual health care provider involved in the care of the patient. Plaintiffs did not make such a request. Plaintiffs served interrogatories on January 14, 1992, asking for the names of persons working in the UWH Radiology Department on March 25, 1991. Four and one-half months after receiving the response giving Verhulst's name, they served an amended notice of claim.

At a minimum, reasonable diligence required that plaintiffs ask UWH for the name of the individual radiology technician they believed caused the injury. It is undisputed they did not do this. They are therefore not entitled to a trial on the issue of reasonable diligence. The amended notice is not timely under the dissent's interpretation of § 893.82(5m), STATS.

## ATTORNEY FEES

The scheduling order dated May 11, 1993, set a trial date commencing January 10, 1994, and directed that all dispositive motions be filed on or before August 16, 1993. After plaintiffs amended their complaint on June 4, 1993, to name Verhulst as a defendant, Verhulst filed an answer that did not raise the notice of claim defense. A month before the scheduled trial date, plaintiffs asked for an adjournment and requested leave to name additional defendants. The trial court entered a second scheduling order dated January 12, 1994, that set a new trial date, permitted the filing of a second amended complaint, and established a schedule that was to control "[i]f the plaintiffs file a second amended complaint." That schedule stated that dispositive motions must be served and filed no later than June 15, 1994. Plaintiffs filed a second amended complaint on February 16, 1994, that did not name additional defendants, but instead dropped UWH as a defendant, leaving only Verhulst.

In his answer to the second amended complaint, Verhulst did raise as a defense the failure to serve a proper notice of claim and, on March 24, 1994, he moved for summary judgment on this ground. Besides opposing the motion on its merits, plaintiffs objected because it was filed after August 16, 1993, the deadline for dispositive motions established in the first scheduling order. Plaintiffs requested attorney fees and costs. The trial court considered Verhulst's motion to be untimely but heard it nevertheless. After granting the motion, the court ordered the attorney general's office to pay to the plaintiffs $13,002.21 in attorney fees and $4,718.73 in costs, which the court found represented reasonable fees and costs incurred between August 16, 1993 and March 24, 1994.

649

Verhulst concedes that it is within a trial court's discretion to impose sanctions for violating a scheduling order. But he contends that the trial court erred because his summary judgment motion was timely under the second scheduling order. According to Verhulst, he did not violate the terms of the first scheduling order because once the second scheduling order was entered, the first order no longer had any effect.

■

We will sustain a discretionary decision if the trial court examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *Schneller v. St. Mary's Hosp. Medical Ctr.*, 162 Wis. 2d 296, 305-06, 470 N.W.2d 873, 876 (1991).

The trial court did not err in determining that Verhulst violated the May 11, 1993 scheduling order. That order required dispositive motions to be filed by August 16, 1993. With the filing of the first amended complaint on June 4, 1993, Verhulst knew that he was named as a defendant and knew that any motions for his dismissal had to be filed by August 16.

The January 12, 1994 scheduling order dealt with plaintiffs' request to file a second amended complaint to add additional parties. At the time that order was entered, the deadline for Verhulst to file a motion to dismiss based on an insufficient notice of claim as to him had passed. As it turned out, plaintiffs did not add any defendants in the second amended complaint. We do not agree with Verhulst that the second scheduling order gave him additional time within which to file dispositive motions that were already untimely under the first order. He does not contend that he or his attorney thought so at the time. Rather, his attorney candidly acknowledged that he had simply missed the

notice of claim issue as to Verhulst until plaintiffs' plan to add defendants caused him to look carefully at the notice to see whether the notice would cover additional defendants.

When a scheduling order is violated, trial courts may make such orders as are just, including requiring the party who failed to obey the order to pay reasonable costs and attorney fees caused by the failure. Sections 802.10(3)(d), 805.03 and 804.12(2)(b), STATS.; *Bell, Metzner & Gierhart v. Stern*, 165 Wis. 2d 34, 40-41, 477 N.W.2d 289, 292 (Ct. App. 1991). A finding of egregious conduct is not required for the imposition of expenses. *Cf. Johnson v. Allis Chalmers Corp.*, 162 Wis. 2d 261, 275, 470 N.W.2d 859, 864 (1991) (because of harshness of dismissal as a sanction for failing to obey scheduling orders, there must be a showing of egregious conduct).

The trial court determined that the failure to comply with the May 11, 1993 scheduling order was not justified because Verhulst's attorney had stated he had no excuse for that failure. The court reasoned that plaintiffs had incurred attorney fees and expenses in trial preparation that they would not have incurred had Verhulst timely filed his motion. The court rejected plaintiffs' request for fees and costs beginning with the date of Verhulst's answer to the first complaint and instead limited the award to those incurred after August 16, 1993, the last date on which Verhulst could have timely filed the motion. The court also rejected the request for fees incurred in defending against the motion, since plaintiffs would have incurred those if the motion had been timely.

We conclude that the trial court applied the proper legal standard to the facts of record and reached a

reasoned and reasonable result in its award of attorney fees and expenses.

*By the Court.*—Order affirmed.

SUNDBY, J. (*dissenting*). The issue on this appeal is whether plaintiffs filed a timely notice of claim against a radiology technician, Doug Verhulst, an employee of the University of Wisconsin Hospital and Clinics. The majority concedes that this issue should have been examined under § 893.82(5m), STATS.,[1] because plaintiffs seek damages for medical malpractice, but declines to apply the correct statute because plaintiffs failed to argue that the statute applies to their claim. We should summarily affirm rather than decide this appeal under inapplicable statutes. Our decision on the issues as submitted has no value except to terminate this litigation in favor of the respondent.

I believe we should require the parties to brief the dispositive issue, no matter how raised. The issue is before us and we should decide it.

## I.

### TIMELINESS OF NOTICE OF CLAIM

"Once an issue is raised in a petition for review, any argument addressing the issue may be asserted in the brief of either party *or utilized by this court.*" *State*

---

[1] Section 893.82(5m), STATS., provides:

With regard to a claim to recover damages for medical malpractice, the time periods under subs. (3) and (4) shall be 180 days *after discovery of the injury* or the date on which, in the exercise of reasonable diligence, the injury should have been discovered, rather than 120 days *after the event causing the injury.*

(Emphasis added.)

*v. Weber*, 164 Wis. 2d 788, 791, 476 N.W.2d 867, 868 (1991) (emphasis added). Likewise, when an issue is raised in the parties' briefs on appeal, any argument addressing the issue may be utilized by this court. Were that not the rule, we would cease to be judges and become arbitrators.

I believe it is my responsibility to decide an appeal according to the law, regardless of whether the parties have overlooked a statute or decision which is dispositive. We could refuse to consider any argument based on such a case or statute, leaving it to the supreme court to correct the trial court error. We followed that approach in *Gansch v. Nekoosa Papers, Inc.*, 152 Wis. 2d 666, 449 N.W.2d 307 (Ct. App. 1989), *rev'd*, 158 Wis. 2d 743, 463 N.W.2d 682 (1990). In my dissent, I argued that the important question of third-party liability under the Worker's Compensation Act was controlled in that case by § 102.29(6), STATS., a statute not cited by either party or the trial court. The majority justified its failure to consider that statute as follows:

> We obviously disagree with the dissent's formulation of the issue as "whether Gansch is subject to sec. 102.29(6), Stats.," which deals with employees of "temporary help" agencies. *Neither party even refers to that statute, much less argues that it applies—or does not apply—to this case.*

*Gansch*, 152 Wis. 2d at 669 n.1, 449 N.W.2d at 308 (emphasis added).

On review, the supreme court considered the statute and reversed our decision. The court said: "While neither party raised or argued the applicability of the statutory provisions governing temporary help agencies to this case in the circuit court or court of appeals, the parties addressed that issue here." *Gansch v. Nekoosa Papers, Inc.*, 158 Wis. 2d 743, 748, 463 N.W.2d

682, 684 (1990). It is neither logical nor judicial to leave to the supreme court the correction of trial court error, however induced. We are charged with the responsibility to correct such error.

This district of the court of appeals has consistently requested additional briefing if we identify a new issue or "surprise" argument. For example, in *Plumbers Local No. 75 v. Coughlin*, 166 Wis. 2d 971, 481 N.W.2d 297 (Ct. App. 1992), we twice required the parties to brief the application of statutes and administrative rules to the issue raised. Our decision that manufacturers of manufactured housing were not required to have licensed plumbers install and supervise the installation of plumbing in manufactured housing may have saved Wisconsin's manufactured housing industry.

I do not believe that whether § 893.82(5m), STATS., is the statute which applies to plaintiffs' claim is an "issue"; it is an "argument." Legal "issues" and legal "arguments" are not identical. DAVID L. WALTHER ET AL., APPELLATE PRACTICE AND PROCEDURE IN WISCONSIN § 11.3e(2) and (5) (1986), *cited in Weber*, 164 Wis. 2d at 790 n.3, 476 N.W.2d at 868. In *Weber*, the supreme court adopted the definitions of "argument" and "issue" in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY. 164 Wis. 2d at 789 n.2, 476 N.W.2d at 868. An "issue" is "a point in question of law or fact"; an "argument" is "a reason given for or against a matter under discussion." *Id.*

The Rules of Appellate Procedure require that the appellant's brief contain "[a] statement of the issues presented for review" and "[a]n argument, arranged in the order of the statement of issues presented." RULE 809.19(1)(b) and (e), STATS. Failure to raise an issue may have serious consequences. *See Waushara County*

*v. Graf*, 166 Wis. 2d 442, 451, 480 N.W.2d 16, 19 ("[A]ppellate courts need not and ordinarily will not consider or decide issues which are not specifically raised on appeal."), *cert. denied*, 113 S. Ct. 269 (1992). Failure to develop an argument may also have serious consequences. We have frequently stated that we will not develop an argument for a party. *See* Paul C. Gartzke, *Standard of Appellate Review* 43 (May 1994) (citing *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633, 642 (Ct. App. 1992)). However, it is equally well established that an appellate court will search the record to find evidence to support the trial court's decision. *Auric v. Continental Casualty Co.*, 111 Wis. 2d 507, 516, 331 N.W.2d 325, 330 (1983). The line between an "issue" and an "argument" is a fine one. If whether § 893.82(5m), STATS., is the appropriate statute is an "issue," we must address it even if we must raise the issue *sua sponte*. The over-riding concern of any court is to do justice between the parties. *See State v. Holmes*, 106 Wis. 2d 31, 39, 315 N.W.2d 703, 707 (1982) ("That a court should raise issues *sua sponte* is the natural outgrowth of the court's function to do justice between the parties.").

In this case, the principal "issue" is whether the plaintiffs' notice of claim was sufficient under § 893.82, STATS. My "argument" is based on § 893.82(5m), which prescribes special rules for medical malpractice claims. I argue that plaintiffs' notice of claim was timely and sufficient because Modica's claim was for recovery of damages for medical malpractice, and under subsection (5m), the time limit for filing a notice of claim is counted from "discovery of the injury," actual or constructive, and not from "the event causing the injury."

In *Hansen v. A.H. Robins Co.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983), the court adopted a discovery rule

for tort actions. In *Spitler v. Dean*, 148 Wis. 2d 630, 436 N.W.2d 308 (1989), the court explained that the statute of limitations as to most tort claims begins to run when plaintiff's cause of action accrues. A cause of action to recover damages for a tort "accrues where there exists a claim capable of present enforcement, *a suable party against whom it may be enforced*, and a party who has a present right to enforce it." *Id.* at 634, 436 N.W.2d at 309 (quoting *Barry v. Minahan*, 127 Wis. 570, 573, 107 N.W. 488, 490 (1906)) (emphasis added).

In *Renner v. Madison General Hospital*, 151 Wis. 2d 885, 890, 447 N.W.2d 97, 99 (Ct. App. 1989), we concluded that *Spitler* did not help the plaintiffs because the identity of the doctors who allegedly caused plaintiffs' injuries was known, or could have been discovered with reasonable diligence. We declined to extend the discovery rule so that plaintiffs' cause of action did not accrue until the *status* of the defendant doctors as state employees was discovered. *Id.*

Here, plaintiffs did not learn the *identity* of the radiology technician who allegedly caused Sherrill Modica's injuries until they received defendants' answers to interrogatories. The claimed lack of information in this case is not the status of the tort-feasor, but the tort-feasor's identity. Under *Spitler,* plaintiffs' cause of action did not accrue until they could identify "a suable party" against whom their cause of action could be enforced.

The response to plaintiffs' written interrogatories on April 7, 1992, identified Verhulst as the person charged with Sherrill Modica's care when she was injured. Plaintiffs filed an amended notice of claim against Verhulst August 27, 1992. Thus, their claim was filed 142 days after plaintiffs discovered the iden-

tity of the alleged tort-feasor, well within the 180 days allowed under § 893.82(5m), STATS.

Verhulst may argue that plaintiffs did not exercise reasonable diligence to learn the name of the radiology technician who caused Sherrill Modica's injuries. "[T]he rule is settled in this state that the expansion of the discovery rule carries with it the requirement that the plaintiff exercise reasonable diligence, which means such diligence as the great majority of persons would use in the same or similar circumstances." *Spitler*, 148 Wis. 2d at 638, 436 N.W.2d at 311. I conclude that we must remand this case to the trial court to allow Verhulst to try this issue. "The issue of reasonable diligence is ordinarily one of fact." *Id.* I do not agree that we may conclude as a matter of law that Modica did not use reasonable diligence to discover the name of the alleged tort-feasor.

## II.

## COSTS AND FEES

I also dissent from the majority's affirmance of the trial court's order assessing reasonable costs, including attorney fees, against the attorney general. Costs, including attorney fees, may not be taxed against the state or an administrative agency of the state unless expressly authorized by statute. *Martineau v. Conservation Comm'n*, 54 Wis. 2d 76, 79, 194 N.W.2d 664, 666 (1972). However, the trial court could assess costs and reasonable attorney fees against Verhulst. Those costs and fees would be paid by the state pursuant to § 895.46(1)(a), STATS. That statute provides that if the defendant in any action is a public officer or employee and is proceeded against as an individual because of acts committed while carrying out his or her duties and

the jury or the court finds that the defendant was acting within the scope of his or her employment, the judgment as to damages and costs entered against the officer or employee shall be paid by the state. By this statute, the state has partially surrendered its sovereign immunity.

I do not believe, however, that the trial court's award of costs including attorney fees can be sustained on the facts. The trial court assessed costs against Verhulst because he violated the court's May 11, 1993 scheduling order. That order provided that "all dispositive motions shall be filed on or before August 16, 1993." Verhulst did not file his summary judgment motion by that date. However, on January 12, 1994, the court issued a second scheduling order. That order permitted plaintiffs to file an amended complaint, set a new trial date and directed that dispositive motions be filed by June 15, 1994. In February 1994, plaintiffs filed a second amended complaint. On March 18, 1994, Verhulst filed an answer which, for the first time, raised the defective-notice-of-claim defense. Three days later, on March 21, 1994, Verhulst filed his summary judgment motion which resulted in dismissal of plaintiffs' action.

The trial court was rightly upset that Verhulst did not raise the defense of defective notice of claim until its answer to plaintiffs' second amended complaint. However, the trial court erroneously exercised its discretion when it imposed a sanction on Verhulst's counsel for failing to file Verhulst's summary judgment motion by August 16, 1993. The May 11, 1993 scheduling order which imposed the requirement that any dispositive motion be filed on or before August 16, 1993, was superseded by the amended scheduling order filed January 12, 1994. Because Verhulst filed

his motion for summary judgment within the time prescribed by the court's second pretrial order, I conclude that the trial court erroneously exercised its discretion when it imposed sanctions on Verhulst for violating the superseded scheduling order of May 11, 1993.

For these reasons, I respectfully dissent.