BILL'S DISTRIBUTING, LTD., Plaintiff-Appellant,

v.

Gerald CORMICAN, Susan Cormican, Gerald Cormican and Susan Cormican d/b/a Cormican Trucking, Cormican Logging/Trucking, LLP, Defendants-Respondents,

John JOURDAN and Judith Jourdan, Defendants-Third-Party Plaintiffs-Respondents,

v.

KINCAID & RUETZ FORESTRY CONSULTANTS, INC., Third-Party Defendant.

Court of Appeals

*No. 01–2567. Submitted on briefs April 1, 2002.—Decided May 7, 2002.*

2002 WI App 156

(Also reported in 647 N.W.2d 908.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Peter M. Reinhardt* and *Bakke Norman S.C.* of Menomonie.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Richard J. Kelly, Michael J. Happe,* and *Kelly & Ryberg, S.C.* of Eau Claire.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J.   Bill's Distributing, Ltd., appeals an order in its action to recover damages for trees erroneously removed from its land. The trial court ordered that WIS. STAT. § 26.09 (1999–2000) could not apply retroactively and that Bill's was not entitled to the restoration damages for its trees.[1] Bill's argues that the recently amended version of WIS. STAT. § 26.09 (1997–1998), the timber trespass statute, should apply retroactively to its claim. We disagree and affirm that portion of the order because the changes to the statute

---

[1] The trial court order also allowed Bill's to proceed with its claim for recovery of survey expenses. Neither party appeals that part of the order, and we therefore affirm it.

We use the term "restoration" to mean the cost to replace and replant the trees.

are substantive rather than procedural. Bill's also contends that it is entitled to restoration damages for its trees. We agree and reverse that part of the order because § 26.09 (1997–1998) is not an exclusive remedy.

BACKGROUND

¶ 2. Bill's owns wooded hunting and recreational land. John and Judith Jourdan own adjoining property. Kincaid & Ruetz Forestry Consultants, Inc., contracted with John Jourdan to arrange the sale of timber from the Jourdans' land.

¶ 3. Gerald and Susan Cormican, doing business as Cormican Logging/Trucking, LLP, harvest timber. In 1999, Jourdan and Cormican entered into a contract permitting Cormican to remove designated timber from the Jourdans' land. The Cormicans, however, removed approximately four acres of timber from Bill's property without its consent, and the Jourdans received compensation for that timber.

¶ 4. Bill's commenced this action against the Cormicans and the Jourdans, alleging timber trespass and unjust enrichment. Bill's later amended its complaint to add allegations of negligence and private nuisance and to add Kincaid & Ruetz as a defendant.

¶ 5. The trial court issued an order concluding that Bill's damage remedy for the timber wrongfully removed from its property was limited to "stumpage value," rather than restoration damages. The court also decided that the amended WIS. STAT. § 26.09 (1999–2000) could not apply retroactively to Bill's action. We granted Bill's leave to appeal.

Standard of Review

■

¶ 6.    The interpretation of a statute and its application to a set of facts are questions of law we review de novo. *Reyes v. Greatway Ins. Co.*, 227 Wis. 2d 357, 364–65, 597 N.W.2d 687 (1999). The purpose of statutory interpretation is to discern the intent of the legislature. *Id.* at 365. To determine intent, we look to the plain language of the statute. *Id.* "A statute is ambiguous if it capable of being understood by a reasonably well-informed person in either of two senses." *Id.* If the language of the statute renders legislative intent ambiguous, we resort to judicial construction. *Id.*

Discussion

A. Wisconsin Stat. § 26.09

¶ 7.    Wisconsin Stat. § 26.09 (1997–1998) created a civil claim for recovery of damages resulting from timber trespass.[2] The legislature amended the statute by 1999 Wis. Act 190, § 15, effective June 2, 2000. Section 26.09 (1999–2000) provides in pertinent part:

> (2) Persons entitled to sue:    exception. (a). In addition to any other enforcement action that may be taken and subject to par. (b), an owner of raw forest products that

---

[2] Wisconsin Stat. § 26.09 (1997–1998) provided:

In addition to the other penalties and costs, any person unlawfully cutting, removing or transporting raw forest products is liable to the owner or to the county holding a tax certificate, or to the board of commissioners of public lands holding a land contract certificate under ch. 24, to the land on which the unlawful cutting was done or from which it was removed, in a civil action, for double the amount of damages suffered. This section does not apply to the cutting, removal and transporting of timber for the emergency repair of a highway, fire lane or bridge upon or adjacent to the land.

were harvested without the consent of the owner may bring a civil action against the person who harvested the raw forest products to recover the damages caused by the harvesting. In addition to any other enforcement action and subject to par. (b), a county in which a violation of s. 26.03 (1g) or (1r) or a rule promulgated under s. 26.03 (1g) or (1r) occurred may bring a civil action to recover damages for the violation.

(b) An owner may not recover damages under this subsection if the person harvesting the raw forest products or the person giving consent for the harvesting reasonably relied on a written agreement among adjacent owners, or their agents, that the owner giving consent to harvest has the authority to do so even if after the harvesting it is determined that the owner giving the consent did not have such authority, but only if the harvesting is from land owned by an owner who is a party to the agreement.

(3) DAMAGES. (a) A person against whom an action is brought as provided in sub. (2) is liable for the applicable damages under par. (b) or (c), subject to sub. (6), and other reasonable and necessary costs under par. (d).

(b) 1. A court shall award damages that equal the stumpage value of the raw forest products harvested if the person harvesting the raw forest products or the person giving consent for the harvesting reasonably relied upon a recorded survey that was done by a person who is registered as a land surveyor or who is issued a permit to practice land surveying under s. 443.06 even if the recorded survey is determined, after the harvesting, to be in error.

2. A court shall award damages that are equal to 2 times the stumpage value of the raw forest products harvested if a recorded survey was not relied upon as specified in subd. I. but the person harvesting the raw

148

forest products took reasonable precautions[3] in identifying harvesting boundaries.

3. A court shall award damages that are equal to 4 times the stumpage value or 2 times the fair market value of the raw forest products harvested, whichever is greater, if a recorded survey was not relied upon as specified in subd. 1. and the person harvesting the raw forest products did not take reasonable precautions in identifying the harvesting boundaries.

(c) In addition to the award under par. (b), a court shall award the owner of raw forest products that were harvested without the consent of the owner, any economic damages resulting from that harvest.

(d) A court shall award other reasonable and necessary costs, which may include costs for any of the following:

1. Repair of damage to, or cleanup on, the land from which the raw forest products were harvested.

2. Removal of slash from agricultural land, waterways, highways, private roads, trails or other sites where the slash would interfere with reforesting or replanting.

3. Determining the fair market value, the stumpage value or the volume of the raw forest products that were harvested.

4. Determining the location of property boundaries necessary for determining whether a violation occurred.

5. Preparing forest management or reforestation plans.

6. Reforesting.

7. Replanting by direct seeding or by use of seedlings.

---

[3] The statute defines reasonable precautions in WIS. STAT. § 26.09(5) (1999–2000).

¶ 8. Bill's argues that the amended Wɪs. Sᴛᴀᴛ. § 26.09 (1999–2000) can apply to its action because the statute is remedial in nature. We disagree. We conclude that the amendment constitutes a substantive change to § 26.09 (1997–1998), and therefore the amended statute cannot apply retroactively.

¶ 9. Here, the injury occurred and Bill's initiated its claims before the amended statute became effective. Generally, statutes are applied prospectively. *Snopek v. Lakeland Med. Ctr.*, 223 Wis. 2d 288, 293, 588 N.W.2d 19 (1999). However, there are two well-defined exceptions to this rule. A statute may be applied retroactively if, by the express language or by necessary implication, the statutory language reveals the legislative intent that it apply retroactively. *Schulz v. Ystad*, 155 Wis. 2d 574, 597, 456 N.W.2d 312 (1990). Nothing in Wɪs. Sᴛᴀᴛ. § 26.09 (1999–2000), however, expresses or implies a legislative intent for it to apply retroactively.

¶ 10. We also give retroactive application to statutes that are procedural or remedial in nature, rather than substantive. *Modica v. Verhulist*, 195 Wis. 2d 633, 643, 536 N.W.2d 466 (Ct. App. 1995).[4] "If a statute simply prescribed the method—the "legal machinery"—used in enforcing a right or remedy, it is procedural. If, however, the law creates, defines or regulates rights or

---

[4] We do not apply remedial or procedural statutes if the retroactive application would impair contracts or disturb vested rights. *Modica v. Verhulist*, 195 Wis. 2d 633, 643, 536 N.W.2d 466 (Ct. App. 1995). Because the amendments to Wɪs. Sᴛᴀᴛ. § 26.09 are substantive, the exception does not apply to this case.

obligations, it is substantive—a change in the substantive law of the state." *City of Madison v. Town of Madison*, 127 Wis. 2d 96, 102, 377 N.W.2d 221 (Ct. App. 1985) (citation omitted).

¶ 11. Contrary to Bill's assertion that WIS. STAT. § 26.09 (1999–2000) is a remedial statute, we agree with the trial court that the changes are substantive. WISCONSIN STAT. § 26.09(2) (1999–2000) reiterates the universal right to sue for timber trespass available in the former statute. However, WIS. STAT. § 26.09(3) (1999–2000) provides a new range of damages available with a new element of fault accompanying each level of damages. This escalating liability for greater culpability builds on the general right to sue for timber trespass and defines new rights, defenses and obligations under the statute. We therefore conclude that the amended statute is substantively different. *See City of Madison*, 127 Wis. 2d at 101–02.

¶ 12. As alluded to, a comparison of the former and current WIS. STAT. § 26.09 reveals that, among other things, the amended statute provides for new damages. WISCONSIN STAT. § 26.09 (1999–2000) provides not only for double damages, as the old statute did, but in certain circumstances also provides for triple and quadruple damages. The amended statute carefully details various penalties and damage amounts that may be recovered depending on the actions of the parties. WIS. STAT. § 26.09(3) (1999–2000). An alteration in damages available is a change in substantive rights. *Neiman v. Am. Nat'l Prop. & Cas. Co.*, 2000 WI 83, ¶ 13, 236 Wis. 2d 411, 613 N.W.2d 160. "When the limit of damages that can be recovered is set by statute, the amount that can be recovered is fixed on the date of injury." *Id.* We conclude, therefore, that the changes

151

to § 26.09 are substantive and only damages available under WIS. STAT. § 26.09 (1997–1998) apply to this case.

B. EXCLUSIVE REMEDY

¶ 13. Bill's argues that it "is entitled to recover damages for the costs to replace its trees and for the loss of the use and enjoyment of its property." The trial court concluded that the exclusive remedy available to Bill's is an award of damages for "stumpage value" of the trees wrongfully removed. We conclude that nothing in WIS. STAT. § 26.09 (1997–1998) makes damages for "stumpage value" exclusive. Bill's also can pursue its common-law trespass, nuisance and negligence claims. We therefore reverse that portion of the order disregarding the other remedies available to Bill's and effectively dismissing its common-law claims.

¶ 14. Recovery of restoration damages is available for injury to property. *Threlfall v. Town of Muscoda*, 190 Wis. 2d 121, 133, 527 N.W.2d 367 (Ct. App. 1994). In *Threlfall*, the town cut down a number of trees on the plaintiffs' land. *Id.* at 125. The plaintiffs argued that the value they lost was not merely that of the cut trees, but the value of the aesthetic enjoyment of their property. *Id.* at 134. The court concluded that restoration damages, or replacement costs, were recoverable. *Id.* at 133. It expressed the policy that "[b]ecause recovery in trespass is based on a wrongful invasion of a plaintiff's rights, the rule of damages adopted should more carefully guard against failure to compensate the injured party than against possible overcharge to the wrongdoer." *Id.*

¶ 15. Also, the court in *Threlfall* adopted the RESTATEMENT (SECOND) OF TORTS § 929, at 544 (1977), which provides in pertinent part:

(1)   If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for

(a) the difference between the value of the land before the harm and the value after the harm, *or at (the landowners) election in appropriate case, the cost of restoration that has been or may be reasonably incurred*

. . . .

*Threlfall*, 190 Wis. 2d at 135–36 (emphasis added). The statutory damages available under WIS. STAT. § 26.09 (1997–1998) are thus not exclusive. In addition to its action under that statute, Bill's is free to pursue common-law claims against the defendants and attempt to recover restoration damages for its lost trees.[5]

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions. No costs to either party.

---

[5] In order to be awarded restoration damages, an injured party must present evidence of "a personal reason to restore the land to its former condition" and show that restoration is "practicable." *Threlfall v. Town of Muscoda*, 190 Wis. 2d at 121, 136 n.11, 527 N.W.2d 367 (Ct. App. 1994).